

Judge **4819**
Mag.
Journal
Issued
Docketed (w)

01 NOV 29 PH 1: 42

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**C-1-01** **823**

| | | |
|---|---|---|
| CARL OEDER & SONS SAND & GRAVEL CO., A DIVISION of OEDER & SONS GARAGE INCORPORATED, | : | CASE NO. _____ |
| | : | (Warren Co. C. P. Case No. 01 CV 58786) |
| and | : | **J. DLOTT** |
| TIMOTHY BROWNING, | : | **J. HOGAN** |
| **Plaintiffs** | : | |
| v. | : | **NOTICE OF REMOVAL BY DEFENDANTS** |
| VILLAGE OF SOUTH LEBANON, OHIO, et al., | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

Defendants Village of South Lebanon, Ohio, James Smith, Mayor of the Village of South Lebanon, Ohio, John Louallen, Village Administrator Village of South Lebanon, Ohio, and John Louallen, Individually give notice that Civil Action No. 01 CV 58786 now pending in the Common Pleas Court of Warren County, Ohio (the "civil action") is removed to this Court. Removal of the civil action to this Court is proper for the following reasons:

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

1. A civil action was commenced and is now pending in the Common Pleas Court of Warren County, Ohio, being Case No. 01 CV 58786. Copies of all process, pleadings, and orders served upon Defendants in the civil action are attached to this Notice of Removal as Exhibit A.

2. The Summons and Complaint in the civil action were served upon Defendants on November 1, 2001 and November 2, 2001 and therefore, this Notice of Removal is filed within the time prescribed by 28 U.S.C. § 1446(b).

3. The civil action involves a controversy over which this District Court has original jurisdiction because it is founded on a claim or right arising under the Constitution, treaties or laws of the United States and is removable without regard to citizenship or residence of the parties, pursuant to 28 U.S.C. §1441(b).

4. Thus, the civil action is one over which this Court has original jurisdiction under 28 U.S.C. §1332, and which is removable by Defendants under the provisions of 28 U.S.C. §1441 in that the matter arises under this Court's original jurisdiction and is founded on a claim or right arising under the Constitution, treaties or laws of the United States and is removable without regard to the citizenship or residence of the parties under 28 U.S.C. §1441(b).

5. Written notice of the filing of this Notice of Removal will be given to Plaintiff as required by law.

6. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Common Pleas Court of Warren County, Ohio as required by law.

7. The remaining defendant, Thomas Arris, Warren County Sheriff, consents to the Removal of this Case to the United States District Court for the Southern District of Ohio, Western Division.

2

For the reasons stated above, this civil action is properly removed to this District Court.

Respectfully submitted,

Shawn M. Blatt (#0056051)
FREUND, FREEZE & ARNOLD
One Dayton Centre
1 South Main Street, Suite 1800
Dayton, Ohio 45402-2017
(937) 222-2424

John C. Quinn (#0023636)
301 East Silver Street
P.O. Box 5
Lebanon, Ohio 45036
(513) 932-4931

Attorney for Defendants, Village of South
Lebanon, Ohio, James Smith, Mayor of the Village
of South Lebanon, John Louallen, Village
Administrator, and John Louallen, Individually

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal by Defendants Village of South Lebanon, Ohio, James Smith, Mayor of the Village of South Lebanon, John Louallen, Village Administrator, and John Louallen, Individually has been served upon the following by U.S. ordinary mail, postage prepaid, on this 29 day of November, 2001.

| | |
|---|---|
| Brian P. Barger | Steven G. LaForge |
| Jack J. Brady | ISAAC, BRANT, LEDMAN & TEETOR |
| Patricia J. Kleeberger | 250 East Broad Street |
| Brady, Coyle & Schmidt, LLP | Columbus, Ohio 43215-3742 |
| 4052 Holland Sylvania Road | (614) 221-2121 |
| Toledo, Ohio 43623 | Attorney for Defendant, |
| Attorney for Plaintiffs | Thomas Arris, Warren County Sheriff |

Shawn M. Blatt

3

*Mailed to
Court 11/28/01
for filing*

## IN THE COMMON PLEAS COURT OF WARREN COUNTY, OHIO

| | | |
|---|---|---|
| CARL OEDER & SONS SAND & GRAVEL CO., et al. | : | CASE NO. 01 CV 58786 |
| | : | JUDGE FEDDERS |
| Plaintiffs | : | |
| vs. | : | |
| | : | |
| VILLAGE OF SOUTH LEBANON, OHIO, et al. | : | **ANSWER OF DEFENDANTS, VILLAGE OF SOUTH LEBANON, JAMES SMITH, MAYOR, AND JOHN LOUALLEN** |
| Defendants | : | |

Defendants, Village of South Lebanon, James Smith, Mayor of Village of South Lebanon, John Louallen, Village Administrator, and John Louallen, Individually, for their answer to Plaintiffs' Complaint, state as follows:

### FIRST DEFENSE

1. These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1, 2 and 3 of Plaintiffs' Complaint.

2. These defendants admit the allegations contained in paragraphs 4 and 5 of Plaintiffs' Complaint.

3. These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of Plaintiffs' Complaint.

4. In response to the allegations contained in paragraph 7 of Plaintiffs' Complaint, these defendants admit that John Louallen is the Village Administrator for the Village of South Lebanon, Warren County, Ohio. These defendants are without knowledge or information sufficient to form a belief as to any and all remaining allegations contained in that paragraph.

5. These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of Plaintiffs' Complaint.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

6. These defendants admit the allegations contained in paragraph 9 of Plaintiffs' Complaint.

7. These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of Plaintiffs' Complaint.

8. These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 11, 12, 13, 14, 15 and 16 of Plaintiffs' Complaint.

9. In response to the allegations contained in paragraph 17 of Plaintiffs' Complaint, these defendants admit that an ordinance captioned 2001-12 for the Village of South Lebanon is in existence. These defendants further admit that portions of the ordinance are quoted in that paragraph. These defendants deny any and all other allegations contained in that paragraph.

10. These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 18 and 19 of Plaintiffs' Complaint.

11. These defendants deny the allegations contained in paragraphs 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31 of Plaintiffs' Complaint.

12. These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of Plaintiffs' Complaint.

13. In response to the allegations contained in paragraph 33 of Plaintiffs' Complaint, these defendants admit that a previous ordinance, No. 2000-15, was in existence and that such ordinance was held to be unconstitutional by a decision of the Warren County Common Pleas Court. These defendants further acknowledge that decision has been appealed and is now pending appeal with the Court of Appeals for the Twelfth District Court of Appeals in Ohio. These defendants are without knowledge or information sufficient to form a belief as to any and all remaining allegations contained in that paragraph.

14. In response to the allegations contained in paragraph 34 of Plaintiffs' Complaint, these defendants deny that Ordinance No. 2000-15 was in any way unconstitutional or contained any infirmities. These defendants further deny any and all remaining allegations contained in that paragraph.

15. These defendants deny the allegations contained in paragraphs 35, 36, 37 and 38 of Plaintiffs' Complaint.

16. In response to the incorporated allegations contained in paragraph 39 of Plaintiffs' Complaint, these defendants incorporate their previous answers and responses to incorporated paragraphs 1 through 38 as if fully set forth herein.

2

17. These defendants deny the allegations contained in paragraphs 40, 41 and 42 of Plaintiffs' Complaint.

18. In response to the incorporated allegations contained in paragraph 43 of Plaintiffs' Complaint, these defendants incorporate their previous answers and responses to incorporated paragraphs 1 through 42 as if fully set forth herein.

19. These defendants deny the allegations contained in paragraphs 44, 45 and 46 of Plaintiffs' Complaint.

20. In response to the incorporated allegations contained in paragraph 47 of Plaintiffs' Complaint, these defendants incorporate their previous answers and responses to incorporated paragraphs 1 through 46 as if fully set forth herein.

21. These defendants deny the allegations contained in paragraphs 48 and 49 of Plaintiffs' Complaint.

22. In response to the incorporated allegations contained in paragraph 50 of Plaintiffs' Complaint, these defendants incorporate their previous answers and responses to incorporated paragraphs 1 through 49 as if fully set forth herein.

23. These defendants deny the allegations contained in paragraph 51 of Plaintiffs' Complaint.

24. In response to the incorporated allegations contained in paragraph 52 of Plaintiffs' Complaint, these defendants incorporate their previous answers and responses to incorporated paragraphs 1 through 51 as if fully set forth herein.

25. These defendants deny the allegations contained in paragraphs 53 and 54 of Plaintiffs' Complaint.

26. In response to the incorporated allegations contained in paragraph 55 of Plaintiffs' Complaint, these defendants incorporate their previous answers and responses to incorporated paragraphs 1 through 54 as if fully set forth herein.

27. These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 56 of Plaintiffs' Complaint.

28. These defendants deny the allegations contained in paragraphs 57 and 58 of Plaintiffs' Complaint.

29. These defendants deny all additional allegations contained in the Complaint not herein referenced or responded to and further deny any and all allegations or requests contained in any prayer in Plaintiffs' Complaint.

3

## SECOND DEFENSE

30. Plaintiffs' have failed to state a claim upon which relief may be granted.

## THIRD DEFENSE

31. These defendants are equitably immune from liability in the exercise of their legislative function.

## FOURTH DEFENSE

32. These defendants are immune from liability pursuant to Ohio Revised Code § 2744, *et seq.*

## FIFTH DEFENSE

33. These defendants are immune from liability for the exercise of any executive functions and the enforcement of properly enacted legislation.

## SIXTH DEFENSE

34. The plaintiffs have failed to mitigate their damages, if any.

## SEVENTH DEFENSE

35. Some or all of the plaintiffs herein lack standing to assert these claims.

## EIGHTH DEFENSE

36. Plaintiffs have failed to join necessary parties to this action pursuant to Rules 19 and 19.1.

## NINTH DEFENSE

37. The plaintiffs' claims are barred by the doctrine of equitable estoppel.

## TENTH DEFENSE

38. Plaintiffs have failed to comply with all statutory requirements for asserting a claim for declaratory relief and challenging the unconstitutionality of a law, statute or ordinance, including, but not limited to, those requirements set forth in R.C. 2721.12.

4

### ELEVENTH DEFENSE

39. These defendants are qualifiedly immune from all liability.

### TWELFTH DEFENSE

40. These defendants are entitled to legislative immunity under both state and federal law.

### THIRTEENTH DEFENSE

41. There has been a failure to exhaust any and all administrative remedies.

### FOURTEENTH DEFENSE

42. These defendants are immune for the performance of any and all administrative functions.

WHEREFORE, Defendants pray Plaintiffs' Complaint be dismissed at Plaintiffs' cost.

Shawn M. Blatt (#0056051)
FREUND, FREEZE & ARNOLD
One Dayton Centre
1 South Main Street, Suite 1800
Dayton, Ohio 45402-2017
(937) 222-2424

John C. Quinn (#0023636)
301 East Silver Street
P.O. Box 5
Lebanon, Ohio 45036
(513) 932-4931

Attorneys for Defendants
Village of South Lebanon, James Smith, Mayor, and
John Louallen, Administrator and Individually

5

## JURY DEMAND

Defendant, Village of South Lebanon, Ohio, demands trial by jury as to all issues herein.

_____
Shawn M. Blatt (#0056051)
FREUND, FREEZE & ARNOLD
Attorney for Defendants
Village of South Lebanon, James Smith, Mayor, and
John Louallen, Administrator and Individually

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was served upon Brian P. Barger, Jack J. Brady, and Patricia J. Kleeberger, Attorneys for Plaintiffs, BRADY, COYLE & SCHMIDT, LLP, 4052 Holland-Sylvania Road, Toledo, Ohio 43624, and Steven G. LaForge, Attorney for Thomas Arris, Warren County Sheriff, ISAAC, BRANT, LEDMAN & TEETOR, 250 East Broad Street, Columbus, Ohio 43215-3742, by regular U.S. mail, this _28_ day of November, 2001.

_____
Shawn M. Blatt

6

11/29/01



# IN THE COMMON PLEAS COURT OF WARREN COUNTY, OHIO

| | |
|---|---|
| Carl Oeder & Sons Sand & Gravel Co., * <br> A Division of Oeder & Sons Garage <br> Incorporated * <br> 3980 Turtlecreek Road <br> Lebanon, Ohio 45036, * | Case No.    01 CV 5 8 7 8 6 <br><br> Judge |
| and * | |
| | **COMPLAINT FOR DECLARATORY <br> JUDGMENT, INJUNCTIVE RELIEF, <br> AND OTHER DAMAGES** |
| Timothy Browning * <br> 1980 Wilmington Road <br> Lebanon, Ohio 45036, * | |
| Plaintiffs, * | Brian P. Barger (0018908) <br> Jack J. Brady (0010146) <br> Patricia J. Kleeberger (0070068) |
| vs. * | **BRADY, COYLE & SCHMIDT, LLP** <br> 4052 Holland Sylvania Road |
| Village of South Lebanon, Ohio * <br> 99 North High Street <br> South Lebanon, Ohio 45065, 11/2/01 | Toledo, Ohio 43623 <br> (419) 885-3000 (Phone) <br> (419) 885-1120 (Fax) <br> Attorneys for Plaintiffs Carl Oeder & Sons |
| and * | Sand & Gravel Co., A Division of Oeder & <br> Sons Garage Incorporated and Timothy <br> Browning |
| James Smith, Mayor of the * <br> Village of South Lebanon, Ohio <br> 99 North High Street * <br> South Lebanon, Ohio 45065, 11/2/01 | |
| * | |
| and | |

John Louallen, Village Administrator     *
Village of South Lebanon, Ohio
99 North High Street     *
South Lebanon, Ohio 45065,     *

      and       *

      *

John Louallen, Individually
99 North High Street     *
South Lebanon, Ohio 45065,

      *

      and       *

Thomas Arris,     *
Warren County Sheriff
550 Justice Drive     *
Lebanon, Ohio 45036,

      Defendants.     *

Now comes Plaintiffs Carl Oeder & Sons Sand & Gravel Co., a Division of Oeder & Sons Garage Incorporated, and Timothy Browning, by and through their attorneys, the law offices of Brady, Coyle & Schmidt, LLP, and for their Complaint for Declaratory Judgment, Injunctive Relief, and Other Damages state as follows:

1. Plaintiffs' Complaint seeks a declaratory judgment, pursuant to R.C. 2721.01 *et seq.* and Rule 57 of the Ohio Rules of Civil Procedure, declaring that Ordinance No. 2001-12 is unconstitutional, invalid, unenforceable, or otherwise defective. Pursuant to Rule 65 of the Ohio Rules of Civil Procedure, Plaintiffs also seek a preliminary injunction prohibiting enforcement of the ordinance until such declaratory judgment is issued and a permanent injunction effectuating the relief upon its issuance; and Plaintiffs seek money damages due to the enforcement of Ordinance No. 2001-12 against Plaintiffs.

2

2. Carl E. Oeder & Sons Sand & Gravel ("Oeder") is a division of Oeder & Sons Garage Incorporated, an Ohio corporation, with its principal place of business at 3980 Turtlecreek Road, Lebanon, Ohio 45036, County of Warren, Ohio. Oeder is engaged in the business of mining and processing sand and gravel for construction purposes (hereinafter collectively referred to as "construction materials").

3. Timothy Browning is a resident of the State of Ohio and is a truck driver employed by Oeder whose truck is stored outside the Village of South Lebanon, Ohio. Mr. Browning does not reside within the Village of South Lebanon, Ohio.

4. Defendant Village of South Lebanon (hereinafter referred to as the "Village") is an Ohio municipal corporation located in Warren County, Ohio.

5. Defendant James Smith is the Mayor of the Village of South Lebanon, Warren County, Ohio.

6. In his official capacity as the Mayor of the Village of South Lebanon, Defendant James Smith (hereinafter referred to as "Mayor Smith") is charged with the enforcement and the administration of the ordinances of the Village of South Lebanon, Warren County, Ohio.

7. Defendant John Louallen is the Village Administrator for the Village of South Lebanon, Warren County, Ohio, and in this capacity, he is the chief administrative officer for the Village.

8. In his official capacity as the Village Administrator, Defendant John Louallen (hereinafter referred to as "Village Administrator Louallen") is charged with the enforcement and the administration of the ordinances of the Village of South Lebanon, Warren County, Ohio.

9. Defendant John Louallen, in his individual capacity, is a resident of the State of Ohio.

10. Defendant Thomas Arris is the Sheriff of Warren County, Ohio and in this capacity he

3

is charged with the enforcement and the administration of the ordinances of the Village of South Lebanon, Warren County, Ohio.

## COMMON FACTUAL ALLEGATIONS

11. As part of its business, Plaintiff Oeder transports raw aggregate material mined from its sand and gravel pit known as "Miami View Estates, Inc.," ("Miami View") located east of South Lebanon, to its processing plant located at 3980 Turtlecreek Road, Lebanon, Ohio (the "Processing Plant" or the "Plant").

12. The Processing Plant is located partially within the corporate limits of South Lebanon, Warren County, Ohio and partially in adjoining Union Township, also in Warren County, Ohio.

13. The Plant processes raw aggregates into saleable construction products.

14. Transportation of material and product from Miami View to the Processing Plant is conducted via trucks which fall within the size and weight prohibitions established by Ordinance No. 2001-12.

15. Plaintiff Timothy Browning is the owner of a truck which falls within the size and weight prohibitions set forth in Ordinance No. 2001-12. The size and weight of Mr. Browning's truck is otherwise compliant with Ohio law and Department of Transportation Regulations. Mr. Browning's truck is used to transport raw aggregates from Miami View to the Processing Plant.

16. Timothy Browning, in his work as a truck driver, must drive through the Village of South Lebanon, Ohio to transport raw aggregate material from Miami View to the Processing Plant in an economical manner.

17. Ordinance No. 2001-12 for the Village of South Lebanon, Ohio provides in pertinent part as follows:

4

Section II.

It shall be unlawful for any person, partnership, firm or corporation to operate any truck, commercial tractor, trailer or semi-trailer not intending to discharge or load cargo within the village on any of the streets within the boundaries of the Village of South Lebanon, Ohio provided that said public streets may be used at all times by motor vehicles of the United States of America carrying the Unites State's mail.

***

Section VI.

That any person, partnership, firm or corporation violating the provisions of Section II and Section III hereof shall be guilty of a minor misdemeanor and upon conviction shall be fined not more than $100.00 for the first offense, and for the second and subsequent offenses shall be guilty of a fourth degree misdemeanor and fined not more than $250.00 for each offense and imprisoned for not more than 30 days for each violation or both.

(A certified copy of Ordinance No. 2001-12 is attached hereto and incorporated herein as "Exhibit 1.")

18. Defendants Mayor Smith, Village Administrator Louallen, and Sheriff Arris are charged in their official capacities with the enforcement and the administration of the ordinances of the Village of South Lebanon, Warren County, Ohio, and in particular, Ordinance No. 2001-12.

19. Defendants Mayor Smith, Village Administrator Louallen, and Sheriff Arris have enforced Ordinance No. 2001-12 when two truck drivers who were hauling aggregate materials from Miami View to the Processing Plant were charged with violating Ordinance No. 2001-12 because they traveled upon the streets of South Lebanon, Ohio.

20. Ordinance 2001-12 is illegal, improper, unconstitutional, and invalid in a number of respects, including but not limited to the allegations set forth in the following paragraphs 21 through 38.

5

21. Ordinance 2001-12 effectively vacates an established truck route through the Village of South Lebanon, Ohio, which existed for many years, without providing an alternative truck route through the Village of South Lebanon, Ohio.

22. The public records of Defendant Village of South Lebanon and the minutes of Defendant Village's Council Meetings fail to include or show any analysis, study, or report concerning the validity or basis of said Ordinance and concerning the prohibition of trucks on the streets within the Village of South Lebanon, Ohio.

23. The Ordinance is internally inconsistent and includes antiquated provisions therein.

24. The Ordinance conflicts with the official Zoning District Map of Defendant Village which specifically provides for neighborhood business, general business, mineral extraction and processing, and light industry districts, among others, all of which require trucks, which trucks are an inherent part of the permitted uses in said districts.

25. The Ordinance is not based upon a valid public purpose and states no purpose therein.

26. The Ordinance is not fair and impartial.

27. The Ordinance is unduly oppressive on the residences and businesses of the Village of South Lebanon, Ohio.

28. The Ordinance does not have a real and substantial relation to a valid public purpose.

29. The Ordinance unduly interferes with the private property rights of residents and businesses within the Village of South Lebanon, Ohio.

30. The Ordinance is not reasonably related to the public health, safety, welfare, and morals of the Village of South Lebanon, Ohio.

31. The Ordinance is an abuse of the corporate powers of the Village of South Lebanon,

6

Ohio.

32. Defendants Mayor Smith, Village Administrator Louallen, and Sheriff Arris were and are at all times material to this action acting under color of Ordinance No. 2001-12, in accordance with Title 42 of the United States Code, Section 1983.

33. Defendants have previously attempted to prohibit truck traffic through the Village of South Lebanon by enacting Ordinance No. 2000-15. Ordinance No. 2000-15 was found to be arbitrary and unreasonable, and therefore, unconstitutional pursuant to the Decision of the Warren County Court of Common Pleas entered on June 28, 2001, attached hereto and incorporated herein as "Exhibit 2."

34. Ordinance No. 2001-12 is not materially different from Ordinance No. 2000-15 and was enacted to harass and economically harm Plaintiffs despite the knowledge that said Ordinance No. 2001-12 contains the same constitutional flaws and infirmities as did Ordinance No. 2000-15 which was repealed by Ordinance No. 2001-12.

35. Enforcement of Ordinance No. 2001-12 constitutes a deprivation of the rights, privileges, and immunities secured by the Constitution and laws of the United States as to Plaintiff Timothy Browning.

36. Enforcement of Ordinance No. 2001-12 constitutes a deprivation of the rights, privileges, and immunities secured by the Constitution and laws of the State of Ohio as to Plaintiff Timothy Browning.

37. Plaintiffs have been damaged by enforcement of Ordinance No.2001-12 in that the Ordinance requires Plaintiffs to travel several miles out of their way to and from the Miami View location, which has resulted in the loss of business opportunities and competitive business endeavors

7

and increased costs to Plaintiffs in its business operations. Accordingly, Ordinance No. 2001-12 has caused Plaintiffs economic harm and has denied Plaintiffs equal protection under the law, the right to unrestricted commerce, and their liberty interest in unrestricted travel.

38.   Enforcement of Ordinance No. 2001-12 places Plaintiffs at risk of fines and imprisonment due to the penalties associated with the Ordinance.

## COUNT I
### (Declaratory Judgment: Equal Protection)

39.   Plaintiffs restate the allegations set forth in paragraphs 1 through 38 as though fully restated herein.

40.   Ordinance No. 2001-12 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution in that it sets out impermissible classifications.

41.   Ordinance No. 2001-12 violates the Equal Protection Clause of Section 2 of Article 1 of the Ohio Constitution in that it sets out the impermissible classifications.

42.   Plaintiffs contend that there exists an actual controversy set forth in this cause between the parties.   The Plaintiffs have no adequate remedy at law and request the court to issue a declaratory judgment declaring Ordinance No. 2001-12 unconstitutional as it violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the Ohio Constitution, Article I, Section 2.

## COUNT II
### (Declaratory Judgment: Due Process)

43.   Plaintiffs restate the allegations set forth in paragraphs 1 through 42 as though fully restated herein.

44.   Ordinance No. 2001-12 violates the Due Process Clause of the Fourteenth Amendment

8

of the Untied States Constitution in that Plaintiffs have been deprived of substantive liberty interest created by a fundamental constitutional right to travel.

45. Ordinance No. 2001-12 violates the Due Process Clause of Section 1 of Article I of the Ohio Constitution in that it deprives Plaintiffs of their substantive liberty interests as set forth above.

46. Plaintiffs contend that there exists an actual controversy set forth in this cause between the parties. Plaintiffs have no adequate remedy at law and request this Court to issue a declaratory judgment declaring Ordinance No. 2001-12 unconstitutional as it violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Ohio Constitution, Article I, Section 1.

## COUNT III
### (Declaratory Judgment: Commerce Clause)

47. Plaintiffs restate the allegations set forth in paragraphs 1 through 46 as though fully restated herein.

48. Ordinance No. 2001-12 violates the Commerce Clause of Article I, Section 8, Clause 3 of the United States Constitution, in that it imposes an undue burden on and discriminates against such commerce.

49. Plaintiffs contend that there exists an actual controversy set forth in this cause between the parties. Plaintiffs have no adequate remedy at law and request this Court issue a declaratory judgment declaring Ordinance No. 2001-12 unconstitutional as it violates the Commerce Clause of Article I, Section 8, Clause 3 of the United States Constitution.

## COUNT IV
### (Declaratory Judgment: Unreasonable and Improper Regulation)

50. Plaintiffs restate the allegations set forth in paragraphs 1 through 49 as though fully

9

restated herein.

51. Plaintiffs contend that there exists an actual controversy set forth in this cause between the parties. Plaintiffs have no adequate remedy at law and request this Court issue a declaratory judgment declaring Ordinance No. 2001-12 to be illegal, improper, and invalid, that it is an abuse of the corporate powers of Defendants, that it is not reasonably related to the preservation of the public health, safety, welfare, and morals of the community.

## COUNT V
### (Injunctive Relief)

52. Plaintiffs restate the allegations set forth in paragraphs 1 through 51 as though fully restated herein.

53. Despite knowledge of its unconstitutionality, the Village of South Lebanon, Ohio is nevertheless enforcing Ordinance No. 2001-12 by charging drivers who travel upon the streets of South Lebanon with a violation of Ordinance No. 2001-12.

54. Because Plaintiffs have no adequate remedy at law, Plaintiffs are requesting that this Court preliminary enjoin enforcement of Ordinance No. 2001-12 until such declaratory judgment is issued, a permanent injunction to effectuate such relief upon its issuance, and money damages in an amount which is undetermined at the present time, but is expected to exceed fifty thousand dollars ($50,000).

## COUNT VI
### § 1983 Action

55. Plaintiffs restate the allegations set forth in paragraphs 1 through 54 as though fully restated herein.

56. Defendants are acting under color of law in administering and enforcing Ordinance No.

2001-12.

57. Defendants' conduct deprives Plaintiff Browning of his civil liberties in violation of 42 U.S.C. § 1983.

58. As a result of Defendants' conduct, Plaintiff Browning has been damaged thereby.

**WHEREFORE**, Plaintiffs request judgment against Defendants in the following manner:

(A)    A declaration that Ordinance No. 2001-12 is unconstitutional, invalid, unenforceable, or otherwise defective as it violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the Ohio Constitution, Article I, Section 2:

(B)    A declaration that Ordinance No. 2001-12 is unconstitutional, invalid, unenforceable, or otherwise defective as it violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Ohio Constitution, Article I, Section 1;

(C)    A declaration that Ordinance No. 2001-12 is unconstitutional, invalid, unenforceable, or otherwise defective as it violates the Commerce Clause of Article I, Section 8, Clause 3 of the United States Constitution;

(D)    A declaration that Ordinance No. 2001-12 is invalid on the basis that it is illegal, improper, and invalid, that it is an abuse of the corporate powers of Defendants, and that it is not reasonably related to the preservation of the public health, safety, welfare, and morals of the community;

(E)    A preliminary and permanent injunction prohibiting enforcement of

11

Ordinance No. 2001-12;

(F)   Damages in whatever sum Plaintiffs are found to be entitled;

(G)   Attorneys fees and costs of suit; and

(H)   Such further and additional relief as the Court deems appropriate.

Respectfully submitted,

By _____
Brian P. Barger (0018908)

By _____
Jack J. Brady (0010146)

By _____
Patricia J. Kleeberger (0070068)
**BRADY, COYLE & SCHMIDT, LLP**
4052 Holland-Sylvania Road
Toledo, Ohio 43624
(419) 885-3000 (Phone)
(419) 885-1120 (Fax)
Attorneys for Plaintiffs



EXHIBIT
1

# ORDINANCE NO. 2001- 12

### AN ORDINANCE RESTRICTING VEHICLES ON PUBLIC STREETS WITHIN THE BOUNDARIES OF THE VILLAGE OF SOUTH LEBANON, OHIO, FIXING A PENALTY AND DECLARING AN EMERGENCY

WHEREAS noise, dirt, fumes, and congestion caused by trucks in excess of 20,000 pounds is excessive,

AND WHEREAS along the existing truck route there are four 90 degree turns and the above referenced trucks are unable to make right turns at these intersections without crossing the centerline,

AND WHEREAS core borings of asphalt thickness along said truck route have shown that 18 out of 20 borings indicate that the asphalt thickness does not meet industry standards for heavy truck traffic,

AND WHEREAS continued use of by said trucks would lead to significant damage to street surfaces,

AND WHEREAS the Supreme Court of Ohio has found that an ordinance restricting through truck traffic to a specific route and providing for an exception for truck intending to discharge cargo within a municipality subjects both local and non-resident truckers to the same regulation [Niles v. Dean, (1971) 25 Ohio State 2d 284].

AND WHEREAS it is in the interest of the health, safety and welfare to of the inhabitants of the village of South Lebanon, Ohio to eliminate all heavy truck traffic except as for trucks intending to discharge cargo within the Village. The Council specifically finds said exception to be fair and reasonable and specifically permitted by the holding of the Ohio Supreme Court which held that an ordinance regulating truck traffic in the City of Niles with included the exact language was held to be constitutional [Niles v. Dean, (1971) 25 Ohio State 2d 284. Pertinent portions of said ordinance are reprinted in Adrian v. St. Paris, (1983) 12 Ohio App. 3d 71 at page 74]. Which provided for that ordinance to apply to all "all vehicular trucks ... not intending to discharge cargo within the city (emphasis added)]

NOW THEREFORE BE IT ORDAINED by the Council of the Village of South Lebanon, Ohio, at least two-thirds of all members duly elected thereto concurring, to wit:

## Section I.  Definitions.

For the purpose of this ordinance, the words and phrases defined in this section shall have the meaning herein respectively ascribed to them:

(A)  "VEHICLE" shall mean everything on wheels or runners, except vehicles operated exclusively on rails or tracks or from overhead electric trolley wires, baby carriages and toy vehicles, and vehicles belonging to any police department, municipal fire department, volunteer fire department, or salvage company organized under the laws of the State of Ohio or used by such department or company in the discharge of its functions, or any vehicle belonging to and used in the discharge of the functions for the Village of South Lebanon, Ohio.

(B)  "MOTOR VEHICLE" shall mean any vehicle propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires, except road rollers, traction engines, power shovels, power cranes, and other equipment used in construction work and not designed for or employed in general highway transportation, well drilling machinery, ditch digging machinery, farm machinery, threshing machinery, hay bailing machinery, and agricultural tractors and machinery used in the production of horticultural, agricultural, and vegetable products.

(C)  "COMMERCIAL TRACTOR" shall mean any motor vehicle having motive power designed or used for drawing another motor vehicle while carrying a portion of such other vehicle or its load, or both.

(D)  "PASSENGER CAR" shall mean any motor vehicle used for carrying not more than seven (7) persons.

(E)  "MOTOR BUS" shall mean every motor vehicle designed for carrying more than seven (7) persons and used for the transportation of passengers; and every motor vehicle, auto for hire, or funeral car designed and used for the transportation of persons for compensation.

(F)  "COMMERCIAL CAR" shall mean any motor vehicle having motor power designed and used for carrying merchandise or freight, or used as a commercial tractor.

(G)  "TRAILER" shall mean any vehicle without motive power designed or used for carrying property or persons wholly on its own structure and for being drawn by a motor vehicle, and includes any such vehicle when formed by or operated as a combination of a semi-trailer and a vehicle of the dolly type such as that commonly known as a trailer dolly, except a house trailer.

(H)     "SEMI-TRAILER" shall mean every vehicle designed or used for carrying persons or property with another and separate vehicle, so that in operation a part of its own weight or that of its load, or both, rests upon and is carried by another vehicle.

(I)     "TRUCK" shall mean every motor vehicle, except trailers and semi-trailers, designed and used to carry property, whose gross weight, when added to the load carried or capable of being carried, is in excess of 20,000 pounds.

(J)     "OPERATOR" shall mean any person who drives or is in actual physical control of a motor vehicle.

Section II.

It shall be unlawful for any person, partnership, firm or corporation to operate any truck, commercial tractor, trailer or semi-trailer not intending to discharge or load cargo within the village on any of the public streets within the boundaries of the Village of South Lebanon, Ohio, provided that said public streets may be used at all times by motor vehicles of the United States of America carrying the United States' mail.

Said trucks, commercial tractors, trailers or semi-trailers may, however, be operated over Mason-Morrow-Millgrove Road from the western most corporate limit of the Village of South Lebanon, Ohio, to its intersection with State Route 48 (Bypass 48) without discharging or loading cargo in the Village. Nothing in this ordinance shall be construed as attempting to limit or restrict vehicular traffic on the State Routes within the Village.

Section III.

(A)     It shall be unlawful to operate any vehicle of a greater width than eight (8) feet, except traction engines, whose widths shall not exceed eleven (11) FEET.

(B)     Neither this Section nor Section (A) shall apply to the operation of any apparatus by the fire force. As to all other vehicles and trains of vehicles, it shall be unlawful:

(1)     To operate any vehicle or train of vehicles incapable of being turned upon a radius of forty (40) feet or less.
(2)     To operate any vehicle longer than thirty-five (35) feet.
(3)     To operate any train of vehicles including more than two trailers.
(4)     To operate any train of vehicles longer than sixty (60) feet.

(5)    To operate any train of vehicles consisting of a motor vehicle and a trailer, which train is longer than forty-five (45) feet.

For the purpose of this Ordinance, the length of a train of vehicles shall be taken as its overall length when coupled, and the length of a vehicle or train of vehicles shall be taken as the overall length of such vehicles or train and of any projecting portion of its load.

(C)    It shall be unlawful to operate any vehicle that together with its load exceeds in weight the following:

In vehicles having metal tires three inches or less in width, a load of 500 pounds for each inch of the total width of tire on all wheels. When the tires on such vehicles exceed three inches in width, an additional load of 800 pounds shall be permitted for each inch by which the total width of the tires on all wheels exceeds twelve inches.

In vehicles having tires of rubber or other similar material or substance: for each inch of the total width of tires on all vehicles as follows:

For tires three inches or three and one-half inches in width, a load of 450 pounds; for tires four inches in width, a load of 500 pounds; for tires five inches in width, a load of 600 pounds; and, for tires six inches and over in width, a load of 650 pounds. The total width of tires on all wheels shall be, in case of solid rubber tires or other similar materials or substances, the actual width in inches of all such tires between the flanges at the base of the tire, but in no event shall that portion of the tire coming into contact with the road surface be less than two-thirds the width so measured between the flanges. In the case of pneumatic tires of rubber or other similar materials or substances, the total width of all tires measured at the widest portion thereof when inflated and not bearing load.

In no event shall the load, including the proportionate weight of the vehicle that can be concentrated on any wheel, exceed 650 pounds to each inch in width of the tread as defined above for solid tires; or to each inch in the actual diameter of pneumatic tires measured when inflated and not bearing load.

(D)    No vehicle, trackless trolley, load, object, or structure having maximum axle load greater than 16,000 pounds when such vehicle is equipped with solid rubber tires, or greater than 19,000 pounds when such vehicle is equipped with pneumatic tires, shall be operated or moved upon improved public highways, streets, bridges, or culverts. The maximum wheel load of any one wheel of any such vehicle shall not exceed 650 pounds per inch width of tire, measured as prescribed by Section III (C) of this Ordinance, nor shall any solid tire of rubber or other resilient material, on any wheel of any such vehicle, be less than one inch thick when measured from the top of the flanges of the tire channel.

The weight of vehicle and load imposed upon the road surface by any two successive axles, spaced four feet or less apart, shall not exceed 19,000 pounds for solid tires, nor 24,000 pounds for pneumatic tires; or by any two successive axles, spaced more than four feet but less than eight feet or more apart, shall not exceed 24,000 pounds for solid tires, nor 31,500 pounds for pneumatic tires; or by any two successive axles, spaced eight feet or more apart, shall not exceed 28,000 pounds for solid tires,

nor 38,000 pounds for pneumatic tires; nor shall the total weight of the vehicle and load exceed, for solid rubber tires, 28,000 pounds plus an additional 600 pounds for each foot or fraction thereof of spacing between the front axle and the rear most axle of the vehicle, nor exceed 38,000 pounds plus an additional 800 pounds for each foot or fraction thereof of spacing between the front axle and the rear most axle of the vehicle for pneumatic tires; nor shall the weight of the vehicle and load imposed upon the road surface by any vehicle exceed 28,000 for pneumatic tires; nor shall such weight of vehicle and load exceed, for solid tires, eighty percent (80%) of the permissible weight of vehicle and load as provided for pneumatic tires.

### Section IV.

Any police or law enforcement officer having reason to believe that the weight of a vehicle and unlawful is authorized to require the operator to stop and submit to a weighting of the same by means of portable or stationary scales, and may require that such vehicle be driven to the nearest public scales. Whenever such officer upon weighing a vehicle and load as above provided determines that the weight of the vehicle is unlawful, such officer shall require the operator to stop the vehicle in a suitable place and remain standing until such portion of the load is removed as may be necessary to reduce the gross weight of such vehicle to said limit in accordance with this Ordinance.

### Section V.  This ordinance shall apply equally to all trucker's residents and nonresident, through and local.

### Section VI.    That any person, partnership, firm or corporation violating the provisions of Section II and Section III hereof shall be guilty of a minor misdemeanor and upon conviction shall be fined not more than $100.00 for the first offense, and for the second and subsequent offenses shall be guilty of a fourth degree misdemeanor and fined not more than $250.00 for each and imprisoned for not more than 30 days for each violation or both.

### Section VII.

Should any section or provision of this Ordinance be declared by the courts to be unconstitutional or invalid, the same shall not effect the validity of the Ordinance as a whole or any part thereof, other than the part so declared to be unconstitutional.

### Section VIII.

The Village Administrator is authorized and directed to have suitable signs made and posted on the various public streets within the boundaries of the Village of south Lebanon, Ohio, advising operators of motor vehicles of the restrictions and requirements set forth in this Ordinance, as required by law.

**Section IX.**

All other Ordinances or parts of Ordinances inconsistent or in conflict herewith be, and the same are, repealed.

**Section X.** This ordinance being necessary for the health safety and welfare of the inhabitants of the Village of South Lebanon, Ohio specifically in that noise, dirt, fumes, and congestion caused by trucks in excess of 20,000 pounds is excessive and that along the existing truck route there are four 90 degree turns and the above referenced trucks are unable to make right turns at these intersections without crossing the centerline creating a traffic hazard and core borings of asphalt thickness along said truck route have shown that 18 out of 20 borings indicate that the asphalt thickness does not meet industry standards for heavy truck traffic, and continued use of by said trucks would lead to significant damage to street surfaces, this ordinance is deemed to be an emergency and shall be effective immediately upon its passage.

*Don E. Combs*

ACTING PRESIDENT OF COUNCIL

Attest:

*Sharon A. Gross*

SHARON A. GROSS, Clerk-Treasurer

CERTIFIED COPY
I, Sharon Gross, Clerk-Treasurer of the Village of South Lebanon, Ohio do hereby certify this to be a true and accurate copy of a document on file with my office.

7/8/01
Date

*Sharon Gross*
Sharon Gross
Clerk-Treasurer
Village of South Lebanon
Ohio

JUN-28-01 THU 9:05 AM 20MMON PLEAS COURTS     FAX NO. 51. J5 1303        P. 1

EXHIBIT

2

STATE OF OHIO, WARREN COUNTY
IN THE COURT OF COMMON PLEAS


JIMMY AMBURGY, et al.,          )
                                )
          Plaintiffs,           )          CASE NO. 01CV58008
                                )
-vs-                            )
                                )          DECISION
VILLAGE OF SOUTH LEBANON, OHIO, )
                                )
          Defendant.            )

---

This matter came on for trial upon the evidence, the written stipulations, and the written arguments of counsel.

In this segment of the case the Plaintiffs seek to enjoin the Village of South Lebanon from enforcing Ordinance No. 2000-15. Said ordinance bans the operation by any person of trucks having a gross weight in excess of 20,000 pounds (hereinafter referred to as heavy trucks) on any of the public streets within the boundaries of the Village of South Lebanon (see Ordinance Section I(I), Section II). However the ordinance makes an exception for any "vehicle while delivering goods or services to any business or residence within the corporate limits of South Lebanon, Ohio" (Ordinance Section I(A).

The Plaintiffs are persons engaged in the operation of commerical trucks, each having a gross weight in excess of 20,000

WARREN COUNTY
COMMON PLEAS COURT
JUDGE P. DANIEL FEDDERS
JUDGE NEAL B. BRONSON
500 Justice Drive
Lebanon, Ohio 45036

pounds. In the past they have operated said trucks on the streets of the village usually travelling from a point of origin outside the village to a destination outside the village. Because Ordinance 2000-15 prohibits such so called through traffic, the Plaintiffs are now forced to use a somewhat circuitous route around the village. A typical trip for one of these trucks now involves a distance of approximately 7.2 miles whereas the direct route through the village, using approximately 1 mile of village streets, is approximately 2.2 miles.

Prior to implementation of Ordinance No. 2000-15 well over 400 heavy trucks passed through the village on a typical day, most of them between the hours of 8:00 a.m. and 4:30 p.m. Virtually all of these trucks used the same route. This route, approximately 1 mile in length, ran through the center of the village, an area comprised of a mix of residential and commerical non-residential uses. The evidence convincingly shows that the noise, dirt, fumes, and congestion caused by these trucks was excessive. On four of the street intersections along this route, the trucks must make a 90 degree turn. Due to the size of these trucks they are unable to make a right turn at the intersections without crossing the center line of the roadway. Continued use of the streets by these heavy trucks would probably lead to significant damage to the street surfaces,, but the evidence that any substantial damage has occurred to date is not persuasive.

Given the relatively small size of the village of South Lebanon and its semi-residential character with relatively narrow streets and intersections, it is understandable that the village

WARREN COUNTY
COMMON PLEAS COURT
JUDGE P. DANIEL FEDDERS
JUDGE NEAL B. BRONSON
500 Justice Drive
Lebanon, Ohio 45036

-2-

council would take some action to minimize the problems caused by these heavy trucks passing through the heart of the city each day at the approximate rate of one truck every two or three minutes. This resulted in the passage of Ordinance No. 2000-15.

As long ago as 1919, Ohio law recognized that a municipality may by ordinance restrict or ban certain vehicles from using public streets. Froelich v. Cleveland (1919) 17 Ohio Law Rep. 21. That case laid down the criteria to be used in determining the legality of such an ordinance. Two features of this criteria that are particularily pertinent to our analysis of Ordinance 2000-15 is the requirement that the ordinance be both reasonable and impartial in operation.

Subsequently in Richter Concrete v. City of Reading (1957) 166 Ohio St. 279, the court addressed and defined the requirement of reasonableness and impartiality. The ordinance under consideration in that case was very similar to Ordinance No. 2000-15 in that it barred all trucks over 20,000 pounds from using any street in the city, with the exception that such heavy trucks were permitted on city streets for the purpose of loading and unloading at a residence, place of business, or industry within the city, or travelling to or from a residence, place of business, or industry where the vehicle was registered or hired. The Supreme Court held that that ordinance was unconstitutional because it "discriminates between residents and non-residents engaged in the operation of trucks weighing in excess of 20,000 pounds". The court further explained its decision as follows:

"the ordinance is illegal in that it

WARREN COUNTY
COMMON PLEAS COURT
JUDGE P. DANIEL FEDDERS
JUDGE NEAL B. BRONSON
500 Justice Drive
Lebanon, Ohio 45036

-3-

imposes restrictions and penalties
on those using the streets engaged
in through traffic and imposes no
such regulations upon those using
the streets for other than through
traffic notwithstanding such traffic
imposes the same stress upon the
streets and creates the same hazard
and the court finds said ordinance
of an arbitrary and discriminate
classification".

In other words, a heavy truck or 300 heavy trucks travelling on the village streets to or from a point inside the village creates just as much noise, dirt, fumes, and hazard as does one heavy truck or 300 heavy trucks using the village streets to pass from a point of origin outside the village to a point of destination outside the village. To give perference to one class of trucks over the other, without any other distinction, is arbitrary and unreasonable and therefore violates the Fourteenth Amendment to the United States Constitution.

In Adrain v. Village of St. Paris (1983) 12 Ohio App.3d 71, the Second District Court of Appeals followed and applied the Richter holding to a similar ordinance that banned heavy trucks on certain streets of a municipality, but allowed an exception for trucks housed inside the municipality or making deliveries to or from a location inside the municipality. Again it was held that to differentiate between heavy trucks on said basis was an

WARREN COUNTY
COMMON PLEAS COURT
JUDGE F. DANIEL FEDDERS
JUDGE NEAL B. BRONSON
500 Justice Drive
Lebanon, Ohio 45036

-4-

"unreasonable classification" and was unconstitutional.

We conclude that the holding of <u>Richter</u>. supra applies to Ordinance No. 2000-15 and that we are bound by that holding. It may be possible for the Village of South Lebanon to ban some heavy trucks and not others, but it cannot do so on the basis of whether the trucker is passing through the village as opposed to making a delivery within the village.

The Village of South Lebanon has called our attention to the cases of <u>Cincinnati Motor Transportation</u> v. <u>City of Lincoln Heights</u> (1971) 25 Ohio St. 2d 203; <u>City of Niles</u> v. <u>Dean</u> (1971) 25 Ohio St. 2d 284; and <u>Lordstown</u> v. <u>Eutsy</u> (1990) Lexus 5228. In each of these cases the ordinance in question was approved. However, the Defendant's reliance on these cases is misplaced.

In <u>Cincinnati Motor Transport</u>, supra, the court did not address the issue of resident/non-resident trucker, leaving one to presume that the ordinance in question did not contain the defective classifications.

In <u>Niles</u>, supra, the court reiterated the requirement that an ordinance cannot discriminate between classes of heavy trucks. The court expressly stated that the ordinance in question "subjects both local and non-resident truckers to the same regulations".

In <u>Lordstown</u>, supra, the ordinance in question, unlike Ordinance 2000-15, applied the ban to all heavy trucks without any exceptions whatsoever. The ban applied "equally to residents and non-residents of the village".

WARREN COUNTY
COMMON PLEAS COURT
JUDGE P. DANIEL FEDDERS
JUDGE NEAL B. BRONSON
500 Justice Drive
Lebanon, Ohio 45036

-5-

For the foregoing reasons the Court finds that the
Plaintiffs' application for a permanent injunction is well taken
and it will be granted.  Counsel for Plaintiffs shall prepare the
appropriate judgment entry.

P. DANIEL FEDDERS, JUDGE
COMMON PLEAS COURT

cc: C. Francis Barrett, Esq.
    John C. Quinn, Esq.
    Shawn M. Blatt, Esq.

WARREN COUNTY
COMMON PLEAS COURT
JUDGE P. DANIEL FEDDERS
JUDGE NEAL B. BRONSON
900 Justice Drive
Lebanon, Ohio 45036

-6-

S U M M O N S
Rule 4 Ohio Rules of Civil Procedure
Court of Common Pleas, Warren County, Lebanon, Ohio

CASE # 01CV58786

CARL OEDER & SONS SAND & GRAVEL CO
          VS
VILLAGE OF SOUTH LEBANON, ET AL.,

**TO: The following named defendant:**

Defendant: JOHN C QUINN
           LAW DIRECTOR VILLAGE SOUTH LEBANON
           301 EAST SILVER STREET
           P O BOX 5
           LEBANON,OH 45036

You have been named as defendant in a complaint filed in
this court by the following plaintiff:

Plaintiff: CARL OEDER & SONS SAND & GRAVEL CO

You are hereby summoned and required to serve upon the
plaintiff's attorney, or upon the plaintiff if he has no
attorney of record, a copy of your answer to this complaint
within twenty-eight (28) days after the service of this
summons upon you, excluding the date of service. Your answer
must also be filed with our court within three days after the
service of a copy of the answer on the plaintiff's attorney.

Failure to appear and present a defense to this complaint
will result in a default judgment being rendered against you
for the relief demanded in the complaint.

Plaintiff's Attorney:
BRIAN P BARGER
ATTORNEY AT LAW
BRADY,COYLE & SCHMIDT
4052 HOLLAND-SYLVANIA RD
TOLEDO OH  43624

                    James L. Spaeth, Clerk of Courts
                    500 Justice Dr. / P.O. Box 238
                    Lebanon, OH  45036

                    By_____
                         Deputy Clerk

October 30, 2001

IF THE ABOVE NAMED DEFENDANT IS A CORPORATION PLEASE REFER
TO OHIO REVISED CODE 4705.01.

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

C 1-01   823

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Carl Veder & Sons Sand & Gravel Co., et al

**DEFENDANTS**   J. DLOTT  J. HOGAN

Village of South Lebanon, Ohio, et al

**(b)** County of Residence of First Listed Plaintiff   Warren
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

See Attachment

Attorneys (If Known)

See Attachment

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 790 Other Labor Litigation | or Defendant) | Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☑ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | | State Statutes |
| | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☑ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 USC Ss1983 alleged civil rights violation from enforcement of Truck Route Ordinance

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE

DOCKET NUMBER

DATE   11/29/01

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Brian P. Barger (0018908)
Jack J. Brady (0010146)
Patricia J. Kleeberger (0070068)
BRADY, COYLE & SCHMIDT, LLP
4052 Holland Sylvania Road
Toledo, Ohio 43623
(419) 885-3000
(419) 885-1120 (Fax)
Attorneys for Plaintiffs,
Carl Oeder & Sons Sand & Gravel Co., A Division of Oeder & Sons Garage Incorporated
Timothy Browning

Shawn M. Blatt (0056051)
FREUND, FREEZE & ARNOLD
One Dayton Centre
1 South Main Street, Suite 1800
Dayton, Ohio 45402-2017
(937) 222-2424
(937) 222-5369 (fax)

John E. Quinn
301 East Silver Street
P.O. Box 5
Lebanon, Ohio 45036
Attorneys for Defendants,
Village of South Lebanon, Ohio
James Smith, Mayor of the Village of South Lebanon, Ohio
John Louallen, Village Administrator Village of South Lebanon, Ohio
John Louallen, Individually

Steven G. LaForge (0036737)
ISAAC, BRANT, LEDMAN & TEETOR
250 East Broad Street
Columbus, Ohio 43215-3742
(614) 221-2121
Attorney for Defendant,
Thomas Arris, Warren County Sheriff

### SUPPLEMENTAL CIVIL COVER SHEET
### FOR CASES REMOVED FROM STATE COURT

*This form must be attached to the Civil Cover Sheet at the time
the case is filed in the United States District Court*

State Court County: **Warren**

Case number and caption:

| **01 CV 58786** | *Carl Oeder & Sons Sand & Gravel Co, et al* | vs | *Village of South Lebanon, Ohio, et al* |
|---|---|---|---|
| Case Number | Plaintiff(s) | | Defendant(s) |

Jury Demand Made in State Court:  ☐ Yes  ☒ No

If "Yes," by which party and on what Date:

_____          _____
Party                                         Date

Were there parties not served prior to removal?  ☐ Yes  ☒ No

Were there parties dismissed/terminated prior to removal?  ☐ Yes  ☒ No

Were there answers filed in State Court?  ☒ Yes  ☐ No

Is there a pending TRO in State Court?  ☐ Yes  ☒ No

*If you have answered "yes" to any of the above please list parties not served, the parties dismissed/terminated and the parties
that filed their answers on the reverse of this page.*

*On the reverse of this page please list all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and
Third Party Claimant(s) still remaining in the case and indicate their party type. Please list the attorney(s) of record for each
party named and include their bar number, firm name, correct mailing address and phone number, including area code.*

Are copies of all state case pleadings attached to your removal?  ☒ Yes  ☐ No

If your answer is "No", when will they be filed: _____

List the parties that are removing the case:

Village of South Lebanon, Ohio        John Lowallen, Individually
James Smith, Mayor of the Village of South Lebanon
John Lowallen, Village Administrator Village
of South Lebanon, Ohio

-1-

| Parties Not Served | Parties Dismissed | Answers Filed |
|---|---|---|
| *I.E. Defendant John Doe* | *I.E. Defendant John Doe* | *I.E. Defendant John Doe*<br><br>Defendnts<br>Village of South Lebanon, Ohio<br>James Smith, Mayor of the Village of South Lebanon, Ohio<br>John Louallen, Village Administrator Village of South Lebanon, Ohio and Individually |

| Party and Type | Attorney(s) |
|---|---|
| *I.E. Plaintiff John Doe*<br><br>See Attachment | *I.E. Attorney(s) Name*<br>*Firm*<br>*Address*<br>*City, State, Zip*<br>*Telephone and Fax Number*<br>*Supreme Court Number*<br><br>See attachment |

USE A SEPARATE SHEET OF PAPER IF NECESSARY

Brian P. Barger (0018908)
Jack J. Brady (0010146)
Patricia J. Kleeberger (0070068)
BRADY, COYLE & SCHMIDT, LLP
4052 Holland Sylvania Road
Toledo, Ohio 43623
(419) 885-3000
(419) 885-1120 (Fax)
Attorneys for Plaintiffs,
Carl Oeder & Sons Sand & Gravel Co., A Division of Oeder & Sons Garage Incorporated
Timothy Browning

Shawn M. Blatt (0056051)
FREUND, FREEZE & ARNOLD
One Dayton Centre
1 South Main Street, Suite 1800
Dayton, Ohio 45402-2017
(937) 222-2424
(937) 222-5369 (fax)

John E. Quinn
301 East Silver Street
P.O. Box 5
Lebanon, Ohio 45036
Attorneys for Defendants,
Village of South Lebanon, Ohio
James Smith, Mayor of the Village of South Lebanon, Ohio
John Louallen, Village Administrator Village of South Lebanon, Ohio
John Louallen, Individually

Steven G. LaForge (0036737)
ISAAC, BRANT, LEDMAN & TEETOR
250 East Broad Street
Columbus, Ohio 43215-3742
(614) 221-2121
Attorney for Defendant,
Thomas Arris, Warren County Sheriff



Thu Nov 29 13:33:12 2001

UNITED STATES DISTRICT COURT

CINCINNATI, OH

Receipt No.        100 413053
Cashier              sl

Check Number:  82762

DO Code          Div No
4661                 1

Sub Acct Type Tender              Amount
1:086300    N        2               60.00
2:510000    N        2               90.00

Total Amount           $        150.00

FREUND FREEZE & ARNOLD

FILING FEE ON C-1-01-823

Thu Nov 29 13:33:12 2001

Check No.   82762
Amount$   150.00
Pay any Federal Reserve Bank or
General Depository for credit to
United States Treasury Symbol 4661