

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CARL OEDER & SONS SAND & GRAVEL
CO., A DIVISION OF OEDER & SONS
GARAGE INCORPORATED, et. al.,

    Plaintiffs,

v.

VILLAGE OF SOUTH LEBANON, OHIO, et al.,

    Defendants.

Case No. C-1-01-823

Judge Susan J. Dlott

## ANSWER OF DEFENDANT THOMAS ARISS, WARREN COUNTY SHERIFF

Now comes Defendant Thomas Ariss, and for his Answer to Plaintiffs' Complaint states as follows:

<u>First Defense</u>

1. The answering Defendant is without sufficient information so as to form a belief as to the truth of the allegations set forth in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 19, 22, and 33 of the Complaint and therefore denies the same for want of knowledge.

2. The answering Defendant denies the allegations of paragraphs 20, 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 34, 35, 36, 37, 38, 40, 41, 42, 44, 45, 46, 48, 49, 51, 53, 54, 57 and 58 of the Complaint.

3. In response to the allegations of paragraphs 39, 43, 47, 50, 52 and 55 of the Complaint, the answering Defendant restates his various responses to the paragraphs of the Complaint as set forth in other parts of this Answer as if fully restated herein.

4. In response to the allegations of paragraph 10 of the Complaint, the answering

Defendant admits that he is the Sheriff of Warren County, Ohio, and in his official capacity, under some circumstances, he is charged with the enforcement and the administration of the ordinances of the Village of South Lebanon, Warren County, Ohio. Any remaining allegations of paragraph 10 of the Complaint are denied.

5. In response to the allegations of paragraph 17 of the Complaint, the answering Defendant avers that the terms of Ordinance Number 2001-12 for the Village of South Lebanon speak for themselves and any terms inconsistent therewith as set forth in paragraph 17 of the Complaint are denied. The answering Defendant further avers that paragraph 17 of the Complaint does not state the full and complete text of the referenced Ordinance. That portion of the text which is set forth appears to accurately state the text of the Ordinance. Any remaining allegations of paragraph 17 of the Complaint are hereby denied.

6. To the extent that the allegations of paragraph 18 of the Complaint are directed to other Defendants, no response is required of this Defendant. To the extent the allegations of paragraph 18 of the Complaint are directed to Sheriff Ariss, it is admitted that he is charged in his official capacity with the enforcement and the administration of the Ordinances of the Village of South Lebanon, Warren County, Ohio, and in particular, Ordinance No. 2001-12, under certain circumstances. Any remaining allegations of paragraph 18 of the Complaint are denied.

7. The allegations of paragraphs 32 and 56 of the Complaint state legal conclusions as to which no response is required. Additionally, to the extent the allegations of paragraphs 32 and 56 of the Complaint are directed to other Defendants, no response is required of this Defendant. To the extent the allegations of paragraphs 32 and 56 of the Complaint are directed to Sheriff Ariss, those allegations are broad and incapable of precise response and accordingly those allegations are denied.

8. Any allegations of the Complaint which are not specifically admitted to be true are hereby denied.

Second Defense

9. The Complaint fails to state a claim against the answering Defendant upon which relief can be granted.

Third Defense

10. Plaintiffs' claims against this Defendant are expressly subject to, barred, or limited by the provisions of Ohio's Political Subdivision Tort Immunity Statute, O.R.C. Chapter 2744.

Fourth Defense

11. This Defendant is immune.

Fifth Defense

12. Furthermore, the Plaintiffs may lack standing to bring the present actions.

Sixth Defense

13. The Plaintiffs may have failed to mitigate their damages, if any.

Seventh Defense

14. Plaintiffs may have failed to join necessary parties to this action pursuant to Rules 19 or 19.1.

Eighth Defense

15. Plaintiffs' claims may be barred by waiver, estoppel and/or unclean hands.

WHEREFORE, Thomas Ariss, Sheriff of Warren County, Ohio, demands that Plaintiffs' Complaint be dismissed in its entirety and that this Defendant recover his costs herein expended, together with such other relief as the Court deems justly due and owing.

Respectfully submitted,

_____
Patrick M. Pickett (0042005)
TRIAL ATTORNEY
patrickpickett@isaacbrant.com
Isaac, Brant, Ledman & Teetor, LLP
250 East Broad Street, Suite 900
Columbus, Ohio 43215-3742
(614) 221-2121/(614) 365-9516 (Fax)
Counsel for Defendant Thomas Ariss

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Answer was served on the 4th day of December, 2001, by first class, U.S. Mail, postage prepaid, upon the following parties:

Brian P. Barger, Esq. (0018908)
TRIAL ATTORNEY
Jack J. Brady, Esq. (0010146)
Patricia J. Kleeberger (0070068)
Brady, Coyle & Schmidt, LLP
4052 Holland Sylvania Road
Toledo, Ohio 43623
(419) 885-3000/(419) 885-1120 (Fax)
*Counsel for Plaintiffs*
*Carl Oeder & Sons Sand & Gravel Co.,*
*A Division of Oeder & Sons Garage*
*Incorporated and Timothy Browning*

Shawn M. Blatt (0056051)
TRIAL ATTORNEY
Freund, Freeze & Arnold
One Dayton Centre
1 South Main Street, Suite 1800
Dayton, Ohio 45402-2017
(937) 222-2424
*Counsel for Defendants*
*Village of Lebanon, James Smith, Mayor,*
*and John Louallen, Administrator and*
*Individually*

John C. Quinn (0023636)
201 East Silver Street
P.O. Box 5
Lebanon, Ohio 45036
(513) 932-4931
*Counsel for Defendants*
*Village of Lebanon, James Smith, Mayor,*
*and John Louallen, Administrator and*
*Individually*

_____
Patrick M. Pickett