4819

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Carl Oeder & Sons Sand & Gravel Co., a Division of Oeder & Sons Garage Incorporated, et al. | : : : | Case No. C-1-01-823 |
| | : | District Judge Susan J. Dlott |
| Plaintiffs, | : : | **JOINT DISCOVERY PLAN** |
| v. | : : | |
| Village of South Lebanon, Ohio, et al. | : : | |
| Defendants. | : | |

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Pretrial Procedure Outline. The parties conducted their discovery telephone conference on __January 25, 2002__.

1. **RULE 26(A) DISCLOSURES**

   ☐   There are no changes that need to be made in the timing, form, or requirement for disclosures under Rule 26(a). All disclosures required by Rule 26(a)(1) have been made by the parties hereto or will be made by the time of the scheduled Preliminary Pretrial Conference.

   ☒   The parties agree to delay the initial disclosure until __Monday, February 25, 2002__. The purpose of delay is

   ☐   to give the Court time to rule on the pending dispositive motion.

☒ additional time to gather documents and compute damages .

2. **DISCOVERY ISSUES AND DATES**

A. Discovery will need to be conducted on the issues of:

**For Plaintiffs:** All activities surrounding the passage of the ordinance, as well as studies regarding the necessity of the ordinance.

**For Defendants:** (1) Damages claimed by Plaintiff Oeder, including the basis for the allegation by Plaintiff Oeder of lost business and cost incurred; (2) opinion of expert regarding the impact of alternative routes and the route in question; and (3) background information regarding the dispute, the basis for Oeder's objection to the ordinance, and other relevant issues that may not be directly related to damages.

B. The parties recommend that discovery

☒ need not be bifurcated

☐ should be bifurcated between liability and damages

☐ should be bifurcated between factual and expert

☐ should be limited in some fashion or focused upon particular issues which relate to _____

C. Disclosure and report of plaintiff expert(s) by       July 31, 2002

D. Disclosure and report of defendant expert(s) by       August 31, 2002

E. Discovery cutoff       October 30, 2002

F. Summary Judgment Motion       December 15, 2002

G. Anticipated discovery problems

☒ Counsel agrees that discovery may take some time as there are legislative entities involved and the turn around on discovery may take additional time.

☐ None

3. **LIMITATIONS ON DISCOVERY**

A. Changes in the limitations on discovery

☐ Extension of time limitations (currently one day of seven hours) in taking of depositions to _____.

☐ Extension of number of depositions (currently 10) permitted to _____.

☒ Extension of number of interrogatories (currently 25) to <u>35 for each party.</u>

Other: _____.

☐ None

B. Protective Order: **Please note:** Parties discussed and agreed that a protective order was not needed at this time.

☐ A protective order will likely be submitted to the Court on or before _____.

☐ The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will be in compliance with *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F. 3d 219 (6th Cir. 1996). **Please note:** Applicability of a protective order pursuant to the *Proctor & Gamble* case was not discussed during the discovery telephone conference.

4. **OTHER COURT ORDERS UNDER RULE 26(C) OR RULE 16(B) AND (C)**

☒ The plaintiff anticipates the need for the Court to set a deadline to allow for the amendment of the complaint to

☒ add parties.

☒ add additional claims.

☒ add factual allegations to support original claims(s).

☒ <u>Plaintiff anticipates that they may need to amend their Complaint and/or add</u>

additional parties and claims after some discovery is completed. Therefore, Plaintiff requests until June 1, 2002 to amend their Complaint without leave of court in the event additional claims and/or parties need to be added based upon discovery responses.

☐ The parties anticipate the need for a Court Order under Rule 26(c) for the following reasons(s):

☐ There is no request for a Court Order under Rule 26(c) at this time.

**Respectfully submitted:**

For Plaintiffs:

By /s/ Jack J. Brady *(per telephone consent)*
    Jack J. Brady (0010146)
    **TRIAL ATTORNEY**

By /s/ Brian P. Barger *(per telephone consent)*
    Brian P. Barger (0018908)

By /s/ Patricia J. Kleeberger *(per telephone consent)*
    Patricia J. Kleeberger (0070068)
    **BRADY, COYLE & SCHMIDT, LLP**
    4052 Holland Sylvania
    Toledo, Ohio 43623
    (419) 885-3000
    (419) 885-1120 (Fax)
    *Attorneys for Plaintiffs Carl Oeder & Sons*
    *Sand & Gravel Co., A Division of Oeder & Sons*
    *Garage Incorporated and Timothy Browning*

By _____
    Daniel J. Donnellon (0036726)
    Thomas M. Tepe, Jr. (0071313)
    Keating, Muething & Klekamp, PLL
    1400 Provident Tower
    One East Fourth Street
    Cincinnati, Ohio 45202
    (513) 579-6400
    (513) 579-6457 (Fax)
    *Attorney for Plaintiffs*
    *Carl Oeder & Sons Sand & Gravel*
    *Co., A Division of Oeder & Sons*
    *Garage Incorporated, and Timothy Browning*

For Defendants:

By /s/ Shawn Blatt *(per telephone consent)*
    Shawn Blatt (0056051)
    **TRIAL ATTORNEY**
    Freund, Freeze & Arnold
    One Dayton Centre
    1 South Main Street, Suite 1800
    Dayton, Ohio 45402-2017
    (937) 222-2424
    (937) 222-5369 (Fax)
    *Attorney for Defendants*
    *Village of South Lebanon, James Smith,*
    *Mayor, and John Louallen, Individually,*
    *and Administrator*

By /s/ John E. Quinn *(per telephone consent)*

    John E. Quinn
    301 East Silver Street
    P.O. Box 5
    Lebanon, Ohio 45036
    (513) 932-4931
    (513) 932-8720 (Fax)
    *Attorney for Defendants*
    *Village of South Lebanon, James Smith,*
    *Mayor, John Louallen, Individually, and*
    *Administrator*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Joint Discovery Plan was sent this 13th day of February, 2002, via ordinary U.S. Mail, to Shawn Blatt, Trial Attorney for Defendants, Freund, Freeze & Arnold, One Dayton Centre, 1 South Main Street, Suite 1800, Dayton, Ohio 45402-2017; to Thomas M. Tepe, Keating, attorney for Plaintiffs, Muething & Klekamp, PLL, 1400 Provident Tower, One East Fourth Street, Cincinnati, Ohio 45202; and to John E. Quinn, attorney for Defendants, 301 East Silver Street, PO Box 5, Lebanon, Ohio 45036.

/s/ Patricia J. Kleeberger *(per telephone consent)*
Patricia J. Kleeberger (0070068)