# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION (at Cincinnati)

| | | |
|---|---|---|
| **Carl E. Oeder & Sons Sand & Gravel Co., A Division of Oeder & Sons Garage Incorporated** | * | Case No. C-1-01-823 |
| | * | Judge Susan J. Dlott |
| and | * | **PLAINTIFFS' AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND OTHER DAMAGES** |
| **Timothy Browning,** | * | |
| Plaintiffs, | * | |
| vs. | * | |
| **Village of South Lebanon, Ohio, et al.,** | * | |
| Defendants. | * | |

Now come Plaintiffs Carl Oeder & Sons Sand & Gravel Co., a Division of Oeder & Sons Garage Incorporated, and Timothy Browning, by and through their attorneys, the law offices of Brady, Coyle & Schmidt, LLP, and within the deadline established by this Court's Order dated February 21, 2002, submit their *Amended Complaint for Declaratory Judgment, Injunctive Relief, and Other Damages* and state as follows:



## JURISDICTION

1. The Defendants in this action invoked the jurisdiction of this Court pursuant to 28 U.S.C. § 1441, removal jurisdiction, on the basis that this Court has original jurisdiction over the instant case pursuant to 28 U.S.C. § 1331, federal question.

2. Plaintiffs' Amended Complaint seeks a declaratory judgment, pursuant to Section 2721.01 *et seq.* of the Ohio Revised Code and/or 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, declaring that Ordinance No. 2001-12 is unconstitutional, invalid, unenforceable, preempted by federal statute, or otherwise defective. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs also seek a preliminary injunction prohibiting enforcement of the ordinance until such declaratory judgment is issued and a permanent injunction effectuating the relief upon its issuance; and Plaintiffs seek money damages due to the enforcement of Ordinance No. 2001-12 against Plaintiffs.

## PARTIES

3. Carl E. Oeder & Sons Sand & Gravel ("Oeder") is a division of Oeder & Sons Garage Incorporated, an Ohio corporation, with its principal place of business at 3980 Turtlecreek Road, Lebanon, Ohio 45036, Warren County, Ohio. Oeder is engaged in the business of mining and processing sand and gravel for construction purposes (hereinafter collectively referred to as "construction materials").

4. Timothy Browning is a resident of the State of Ohio and is a truck driver employed by Oeder whose truck is stored outside the Village of South Lebanon, Ohio. Mr. Browning does not reside within the Village of South Lebanon, Ohio.

5. Defendant Village of South Lebanon (hereinafter referred to as the "Village") is an Ohio

2

municipal corporation located in Warren County, Ohio.

6. Defendant James Smith is the Mayor of the Village of South Lebanon, Warren County, Ohio.

7. In his official capacity as the Mayor of the Village of South Lebanon, Defendant James Smith (hereinafter referred to as "Mayor Smith") is charged with the enforcement and the administration of the ordinances of the Village of South Lebanon, Warren County, Ohio.

8. Defendant John Louallen is the Village Administrator for the Village of South Lebanon, Warren County, Ohio, and in this capacity, he is the chief administrative officer for the Village.

9. In his official capacity as the Village Administrator, Defendant John Louallen (hereinafter referred to as "Village Administrator Louallen") is charged with the enforcement and the administration of the ordinances of the Village of South Lebanon, Warren County, Ohio.

10. Defendant John Louallen, in his individual capacity, is a resident of the State of Ohio.

## COMMON FACTUAL ALLEGATIONS

11. As part of its business, Plaintiff Oeder transports raw aggregate material mined from its sand and gravel pit known as "Miami View Estates, Inc." ("Miami View"), located east of South Lebanon, to its processing plant located at 3980 Turtlecreek Road, Lebanon, Ohio (the "Processing Plant" or the "Plant").

12. The Processing Plant is located partially within the corporate limits of South Lebanon, Warren County, Ohio and partially in adjoining Union Township, also in Warren County, Ohio.

13. The Plant processes raw aggregates into saleable construction products.

14. Transportation of material and product from Miami View to the Processing Plant is conducted via trucks which fall within the size and weight prohibitions established by Ordinance No.

3

2001-12.

15.  Plaintiff Timothy Browning is the owner of a truck which falls within the size and weight prohibitions set forth in Ordinance No. 2001-12.  The size and weight of Mr. Browning's truck is otherwise compliant with Ohio law and Department of Transportation Regulations.  Mr. Browning's truck is used to transport raw aggregates from Miami View to the Processing Plant.

16.  Timothy Browning, in his work as a truck driver, must drive through the Village of South Lebanon, Ohio to transport raw aggregate material from Miami View to the Processing Plant in an economical manner.

17. Ordinance No. 2001-12 for the Village of South Lebanon, Ohio provides in pertinent part as follows:

> Section II.
>
> It shall be unlawful for any person, partnership, firm or corporation to operate any truck, commercial tractor, trailer or semi-trailer not intending to discharge or load cargo within the village on any of the streets within the boundaries of the Village of South Lebanon, Ohio provided that said public streets may be used at all times by motor vehicles of the United States of America carrying the Unites State's mail.
>
>                      ***
>
> Section VI.
>
> That any person, partnership, firm or corporation violating the provisions of Section II and Section III hereof shall be guilty of a minor misdemeanor and upon conviction shall be fined not more than $100.00 for the first offense, and for the second and subsequent offenses shall be guilty of a fourth degree misdemeanor and fined not more than $250.00 for each offense and imprisoned for not more than 30 days for each violation or both.

(A certified copy of Ordinance No. 2001-12 is attached hereto and incorporated herein as "Exhibit 1.")

4

18. Defendants Mayor Smith and Village Administrator Louallen are charged in their official capacities with the enforcement and the administration of the ordinances of the Village of South Lebanon, Warren County, Ohio, and in particular, Ordinance No. 2001-12.

19. Defendants Mayor Smith and Village Administrator Louallen have enforced Ordinance No. 2001-12 when two truck drivers, who were hauling aggregate materials from Miami View to the Processing Plant, were criminally charged with violating Ordinance No. 2001-12 because they traveled upon the streets of South Lebanon, Ohio.

20. Ordinance 2001-12 is illegal, improper, unconstitutional, and invalid in a number of respects, including but not limited to the allegations set forth in the following paragraphs 21 through 38.

21. Ordinance 2001-12 effectively vacates an established truck route through the Village of South Lebanon, Ohio, which existed for many years, without providing an alternative truck route through the Village of South Lebanon, Ohio.

22. The public records of Defendant Village of South Lebanon and the minutes of Defendant Village's Council Meetings fail to include or show any analysis, study, or report concerning the validity or basis of said Ordinance and concerning the prohibition of trucks on the streets within the Village of South Lebanon, Ohio.

23. The Ordinance is internally inconsistent and includes antiquated provisions therein.

24. The Ordinance conflicts with the official Zoning District Map of Defendant Village which specifically provides for neighborhood business, general business, mineral extraction and processing, and light industry districts, among others, all of which require trucks. The use of trucks for these businesses are an inherent part of the permitted uses in said districts.

5

25. The Ordinance is not based upon a valid public purpose and states no purpose therein.

26. The Ordinance is not fair and impartial.

27. The Ordinance is unduly oppressive on the residences and businesses of the Village of South Lebanon, Ohio. Further, the Ordinance is preempted by federal statute and improperly regulates the price, route, or service of Plaintiffs' federal right to transport property.

28. The Ordinance does not have a real and substantial relation to a valid public purpose.

29. The Ordinance unduly interferes with the private property rights of residents and businesses within the Village of South Lebanon, Ohio.

30. The Ordinance is not reasonably related to the public health, safety, welfare, and morals of the Village of South Lebanon, Ohio.

31. The Ordinance is an abuse of the corporate powers of the Village of South Lebanon, Ohio.

32. Defendants were and are at all times material to this action acting under color of Ordinance No. 2001-12, in accordance with Title 42 of the United States Code, Section 1983.

33. Defendants have previously attempted to prohibit truck traffic through the Village of South Lebanon by enacting Ordinance No. 2000-15. Ordinance No. 2000-15 was found to be arbitrary and unreasonable, and therefore, unconstitutional pursuant to the Decision of the Warren County Court of Common Pleas entered on June 28, 2001, attached hereto and incorporated herein as "Exhibit 2."

34. Ordinance No. 2001-12 is not materially different from Ordinance No. 2000-15 and was enacted to harass and economically harm Plaintiffs despite the knowledge that said Ordinance No. 2001-12 contains the same constitutional flaws and infirmities as did Ordinance No. 2000-15.

35.    Enforcement of Ordinance No. 2001-12 constitutes a deprivation of the rights, privileges, and immunities secured by the Constitution and laws of the United States as to Plaintiffs.

36.    Enforcement of Ordinance No. 2001-12 constitutes a deprivation of the rights, privileges, and immunities secured by the Constitution and laws of the State of Ohio as to Plaintiffs.

37.    Plaintiffs have been damaged by enforcement of Ordinance No.2001-12 in that the Ordinance requires Plaintiffs to travel over the course of a year, over 100,000 miles out of their way to and from the Miami View location, which has resulted in the loss of business opportunities and competitive business endeavors and increased costs to Plaintiffs in their business operations. Accordingly, Ordinance No. 2001-12 has caused Plaintiffs economic harm and has denied Plaintiffs equal protection under the law, the right to unrestricted commerce, and their liberty interest in unrestricted travel.

38.    Enforcement of Ordinance No. 2001-12 places Plaintiffs at risk of fines and imprisonment due to the penalties associated with the Ordinance.

## COUNT I
### (Declaratory Judgment: Equal Protection)

39.    Plaintiffs restate the allegations set forth in paragraphs 1 through 38 as though fully restated herein.

40.    Ordinance No. 2001-12 violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in that it sets out impermissible classifications.

41.    Ordinance No. 2001-12 violates the Equal Protection Clause of Section 2 of Article 1 of the Ohio Constitution in that it sets out the impermissible classifications.

42.    Plaintiffs contend that there exists an actual controversy set forth in this cause between the parties.   The Plaintiffs have no adequate remedy at law and request the court to issue a

7

declaratory judgment declaring Ordinance No. 2001-12 unconstitutional as it violates the Equal

Protection Clause of the Fourteenth Amendment of the United States Constitution and the Ohio

Constitution, Article I, Section 2.

**COUNT II**
**(Declaratory Judgment: Due Process)**

43.  Plaintiffs restate the allegations set forth in paragraphs 1 through 42 as though fully

restated herein.

44.  Ordinance No. 2001-12 violates the Due Process Clause of the Fourteenth Amendment

of the Untied States Constitution in that Plaintiffs have been deprived of substantive liberty interest

created by a fundamental constitutional right to travel.

45.  Ordinance No. 2001-12 violates the Due Process Clause of Section 1 of Article I of the

Ohio Constitution in that it deprives Plaintiffs of their substantive liberty interests as set forth above.

46.  Plaintiffs contend that there exists an actual controversy set forth in this cause between

the parties.  Plaintiffs have no adequate remedy at law and request this Court to issue a declaratory

judgment declaring Ordinance No. 2001-12 unconstitutional as it violates the Due Process Clause

of the Fourteenth Amendment of the United States Constitution and the Ohio Constitution, Article

I, Section 1.

**COUNT III**
**(Declaratory Judgment: Commerce Clause)**

47.  Plaintiffs restate the allegations set forth in paragraphs 1 through 46 as though fully

restated herein.

48.  Ordinance No. 2001-12 violates the Commerce Clause of Article I, Section 8, Clause

3 of the United States Constitution, in that it imposes an undue burden on and discriminates against

8

such commerce.

49.  Plaintiffs contend that there exists an actual controversy set forth in this cause between the parties. Plaintiffs have no adequate remedy at law and request this Court issue a declaratory judgment declaring Ordinance No. 2001-12 unconstitutional as it violates the Commerce Clause of Article I, Section 8, Clause 3 of the United States Constitution.

## COUNT IV
### (Declaratory Judgment: Unreasonable and Improper Regulation)

50.  Plaintiffs restate the allegations set forth in paragraphs 1 through 49 as though fully restated herein.

51.  Plaintiffs contend that there exists an actual controversy set forth in this cause between the parties. Plaintiffs have no adequate remedy at law and request this Court issue a declaratory judgment declaring Ordinance No. 2001-12 to be illegal, improper, and invalid, that it is an abuse of the corporate powers of Defendants, that it is not reasonably related to the preservation of the public health, safety, welfare, and morals of the community.

## COUNT V
### (Injunctive Relief)

52.  Plaintiffs restate the allegations set forth in paragraphs 1 through 51 as though fully restated herein.

53.  Despite knowledge of its unconstitutionality and that the Ordinance is preempted by the Interstate Commerce Commission Termination Act ("ICCTA"), as codified at 49 U.S.C. § 14501, the Village of South Lebanon, Ohio is nevertheless enforcing Ordinance No. 2001-12 by criminally charging truck drivers who travel upon the streets of South Lebanon with a violation of Ordinance No. 2001-12.

54.  Because Plaintiffs have no adequate remedy at law, Plaintiffs are requesting that this

Court preliminarily enjoin enforcement of Ordinance No. 2001-12 until such declaratory judgment is issued, a permanent injunction to effectuate such relief upon its issuance, and money damages in an amount which is undetermined at the present time, but is expected to exceed fifty thousand dollars ($50,000).

## COUNT VI
### § 1983 Action

55.  Plaintiffs restate the allegations set forth in paragraphs 1 through 54 as though fully restated herein.

56.  Defendants are acting under color of law in administering and enforcing Ordinance No. 2001-12.

57.  Defendants' conduct deprives Plaintiffs of their civil liberties in violation of 42 U.S.C. § 1983.

58.  As a result of Defendants' conduct, Plaintiffs have been damaged thereby.

## COUNT VII
### (Declaratory Judgment: Interpretation of Ordinance No. 2001-12)

59.  Plaintiffs restate the allegations set forth in paragraphs 1 through 58 as though fully restated herein.

60.  Section II of the Ordinance excepts from its prohibition the use of Village streets for the discharging or loading of cargo within the boundaries of the Village of South Lebanon, Ohio.

61.  Plaintiff Oeder's Processing Plant is located on property that is both located inside the corporate limits of the Village and partially located in adjoining Union Township, with the entrance to the Processing Plant located within the Village of South Lebanon, which can be accessed only via streets that are located in the Village.

62.  No roads, streets or publically improved rights-of-way are located on, over or through

the Processing Plant such that no trucks weighing in excess of 20,000 pounds may travel to or from the Processing Plant on any roads or streets other than those located within the corporate limits of the Village of South Lebanon.

63.    Given the configuration of the roads and streets surrounding the Processing Plant and the fact that the entrance to the Processing Plant is located in South Lebanon, Plaintiffs fall within the exception contained in Ordinance No. 2001-12 thereby allowing Plaintiffs to use Village streets to transport material from the Miami View location in Union Township to the Processing Plant.

64.    Plaintiffs contend that there exists an actual controversy set forth in this cause between the parties. Plaintiffs have no adequate remedy at law and request this Court to issue a declaratory judgment declaring that Plaintiff Oeder's Processing Plant is located within the Village of South Lebanon for purposes of discharging or loading cargo as set forth in Ordinance No. 2001-12.

**COUNT VIII**
**(Taking of Property Without Just Compensation)**

65.    Plaintiffs restate the allegations set forth in paragraphs 1 through 64 as though fully restated herein.

66.    Ordinance No. 2001-12 violates the Takings Clause of the Fifth Amendment of the United States Constitution, applicable to the state of Ohio through the Fourteenth Amendment, in that said Ordinance deprives Plaintiffs of the economic viable use of their property.

67.    Ordinance No. 2001-12 denies Plaintiffs the use of certain streets and roads necessary for the economical transportation of material from the Miami View plant. As a result, a taking has occurred which requires just compensation to Plaintiffs under the Fifth and Fourteenth Amendments of the United States Constitution.

68.    Plaintiff Oeder obtained an interest in Miami View with the sole purpose of mining

11

minerals below its surface. At the time Plaintiff Oeder began mining materials at its Miami View plant, Plaintiff Oeder and Plaintiff Browning were afforded the unrestricted use of the streets and roads in the Village of South Lebanon to transport material through the Village.

69.   The passing of Ordinance No. 2001-12, taken under color of state law, has deprived Plaintiffs of the economically viable use of their property, and destroyed Plaintiffs' investment backed expectations for the Miami View property.

70.   No common or state law principles exist which would preclude Plaintiffs from utilizing its property and the public roads surrounding its property.

71.   Ohio law does not provide an adequate procedure for a landowner such as Plaintiffs to determine whether a taking has occurred, and the compensation that Defendants would be required to pay Plaintiffs for the "taking."

72.   Pursuant to the Fifth and Fourteenth Amendments of the United States Constitution, Plaintiffs are entitled to a declaration that Defendant's action in passing and enforcing Ordinance No. 2001-12 constituted a regulatory taking of Plaintiffs' property without just compensation in violation of the Takings Clause of the United States Constitution. In addition, Plaintiffs are entitled to a monetary award of just compensation, in an amount to be proven at trial.

## COUNT IX
### (Legal Fees and Expense Under 42 U.S.C. § 1988)

73.   Plaintiffs restate the allegations set forth in paragraphs 1 through 72 as though fully restated herein.

74.   Section 1988 of Title 42 of the United States Code provides that a prevailing party in a suit brought pursuant to 42 U.S.C. § 1983 is entitled to an award of "reasonable attorney's fee as part of the costs" of the litigation.

75. Accordingly, insofar as Oeder & Sons and Timothy Browning prevail on their claims based on 42 U.S.C. § 1983 against Defendants, Plaintiffs are entitled to an award of their reasonable attorney's fees expended in vindicating their constitutional rights.

## COUNT X
### (Declaratory Judgment: Violation of the Interstate Commerce Commission Termination Act)

76. Plaintiffs restate the allegations set forth in paragraphs 1 through 75 as though fully restated herein.

77. Ordinance No. 2001-12 is preempted by the Interstate Commerce Commission Termination Act ("ICCTA"), as codified at 49 U.S.C. § 14501, and improperly regulates the price, route, or service of Plaintiffs' right to transport property.

78. Plaintiffs contend that there exists an actual controversy set forth in this cause between the parties. Plaintiffs have no adequate remedy at law and request that this Court issue a declaratory judgment declaring that Ordinance No. 2001-12 is preempted by the ICCTA and that Ordinance No. 2001-12 improperly regulates the price, route, or service of Plaintiffs' right to transport property.

**WHEREFORE**, Plaintiffs request judgment against Defendants in the following manner:

(A)    A declaration that Ordinance No. 2001-12 is unconstitutional, invalid, unenforceable, or otherwise defective as it violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and the Ohio Constitution, Article I, Section 2:

(B)    A declaration that Ordinance No. 2001-12 is unconstitutional, invalid, unenforceable, or otherwise defective as it violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Ohio

13

Constitution, Article I, Section 1;

(C)     A declaration that Ordinance No. 2001-12 is unconstitutional, invalid, unenforceable, or otherwise defective as it violates the Commerce Clause of Article I, Section 8, Clause 3 of the United States Constitution;

(D)     A declaration that Ordinance No. 2001-12 is invalid on the basis that it is illegal, improper, and invalid, that it is an abuse of the corporate powers of Defendants, and that it is not reasonably related to the preservation of the public health, safety, welfare, and morals of the community;

(E)     A declaration that the passing and enforcing of Ordinance No. 2001-12 constituted a taking of Plaintiffs' property interest without just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution; and

(F)     An award of money damages in an amount to be determined at trial as just compensation for the regulatory taking of Plaintiffs' property; and

(G)     A declaration that Ordinance No. 2001-12 is preempted by the ICCTA, as codified at 49 U.S.C. § 14501, and improperly regulates the price, route, or service of Plaintiffs' right to transport property; and

(H)     An award of Plaintiffs' damages, costs, and reasonable attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988; and

(I)     A preliminary and permanent injunction prohibiting enforcement of Ordinance No. 2001-12;

(J)     A declaration that the Processing Plant is located within the Village of South

Lebanon for purposes of discharging or loading cargo as set forth in the exception contained in Ordinance No. 2001-12.

(K)    Damages in whatever sum Plaintiffs are found to be entitled;

(L)    Attorneys fees and costs of suit; and

(M)    Such further and additional relief as the Court deems appropriate.

Respectfully submitted,

**BRADY, COYLE & SCHMIDT, LLP**

By  *Jack J. Brady/pk / by Patricia*
    Jack J. Brady (0010146)    *Kleeberger*
    Jjbrady@bcslawyers.com
    TRIAL ATTORNEY

By  *Brian P. Barger*
    Brian P. Barger (0018908)
    Bpbarger@bcslawyers.com

By  *Patricia J Kleeberger*
    Patricia J. Kleeberger (0070068)
    Pjkleeberger@bcslawyers.com
    4052 Holland-Sylvania Road
    Toledo, Ohio 43624
    (419) 885-3000 (Phone)
    (419) 885-1120 (Fax)

**KEATING, MUETHING & KLEKAMP, PLL**

By /s/ Thomas M. Tepe, Jr. *(per telephone consent)*
    Daniel Donnellon (0036726)
    ddonnellon@kmklaw.com
    Thomas M. Tepe, Jr. (0071313)
    ttepe@kmklaw.com
    1400 Provident Tower
    One East Fourth Street
    Cincinnati, Ohio 45202
    (513) 579-6400
    (513) 579-6457 (Fax)

Attorneys for Plaintiffs Carl E. Oeder & Sons Sand & Gravel Co., A Division of Oeder & Sons Garage Incorporated, and Timothy Browning

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing *Plaintiffs' Amended Complaint for Declaratory Judgment, Injunctive Relief and Other Damage* was sent this _14th_ day of May, 2002, via ordinary U.S. Mail, to the following:

Shawn M. Blatt  (0056051)
**TRIAL ATTORNEY**
Freund, Freeze & Arnold
One Dayton Centre
1 South Main Street, Suite 1800
Dayton, Ohio 45402-2017
*Attorney for Defendants*
*Village of South Lebanon, James Smith, Mayor,*
*and John Louallen, Administrator and Individually*

John C. Quinn (0023636)
301 East Silver Street
P.O. Box 5
Lebanon, Ohio 45036
*Attorney for Defendants*
*Village of South Lebanon, James Smith, Mayor,*
*and John Louallen, Administrator and Individually*

Courtesy Copy to:
Patrick M. Pickett (0042005)
Isaac, Brant, Ledman & Teetor, LLP
250 East Broad Street, Suite 900
Columbus, Ohio 43215-3742
*Attorney for Defendant Thomas Arris,*
*Warren County Sheriff*

Betty D. Montgomery
Attorney General of Ohio
Arthus J. Marziale, Jr.
Assistant Attorney General of Ohio
State Office Tower
30 East Broad Street
Columbus, OH 43215-3428

*Patricia J Kleeberger*
Patricia J. Kleeberger (0070068)
Attorney for Plaintiffs



# ORDINANCE NO. 2001-12

## AN ORDINANCE RESTRICTING VEHICLES ON PUBLIC STREETS WITHIN THE BOUNDARIES OF THE VILLAGE OF SOUTH LEBANON, OHIO, FIXING A PENALTY AND DECLARING AN EMERGENCY

WHEREAS noise, dirt, fumes, and congestion caused by trucks in excess of 20,000 pounds is excessive,

AND WHEREAS along the existing truck route there are four 90 degree turns and the above referenced trucks are unable to make right turns at these intersections without crossing the centerline,

AND WHEREAS core borings of asphalt thickness along said truck route have shown that 18 out of 20 borings indicate that the asphalt thickness does not meet industry standards for heavy truck traffic,

AND WHEREAS continued use of by said trucks would lead to significant damage to street surfaces,

AND WHEREAS the Supreme Court of Ohio has found that an ordinance restricting through truck traffic to a specific route and providing for an exception for truck intending to discharge cargo within a municipality subjects both local and non-resident truckers to the same regulation [Niles *v. Dean*, (1971) 25 Ohio State 2d 284].

AND WHEREAS it is in the interest of the health, safety and welfare to of the inhabitants of the village of South Lebanon, Ohio to eliminate all heavy truck traffic except as for trucks intending to discharge cargo within the Village. The Council specifically finds said exception to be fair and reasonable and specifically permitted by the holding of the Ohio Supreme Court which held that an ordinance regulating truck traffic in the City of Niles with included the exact language was held to be constitutional [Niles *v. Dean*, (1971) 25 Ohio State 2d 284. Pertinent portions of said ordinance are reprinted in *Adrian v. St. Paris*, (1983) 12 Ohio App. 3d 71 at page 74]. Which provided for that ordinance to apply to all "all vehicular trucks ... not intending to **discharge cargo within the city** (emphasis added)]

NOW THEREFORE BE IT ORDAINED by the Council of the Village of South Lebanon, Ohio, at least two-thirds of all members duly elected thereto concurring, to wit:

## Section I.    Definitions.

For the purpose of this ordinance, the words and phrases defined in this section shall have the meaning herein respectively ascribed to them:

(A)    "VEHICLE" shall mean everything on wheels or runners, except vehicles operated exclusively on rails or tracks or from overhead electric trolley wires, baby carriages and toy vehicles, and vehicles belonging to any police department, municipal fire department, volunteer fire department, or salvage company organized under the laws of the State of Ohio or used by such department or company in the discharge of its functions, or any vehicle belonging to and used in the discharge of the functions for the Village of South Lebanon, Ohio.

(B)    "MOTOR VEHICLE" shall mean any vehicle propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires, except road rollers, traction engines, power shovels, power cranes, and other equipment used in construction work and not designed for or employed in general highway transportation, well drilling machinery, ditch digging machinery, farm machinery, threshing machinery, hay bailing machinery, and agricultural tractors and machinery used in the production of horticultural, agricultural, and vegetable products.

(C)    "COMMERCIAL TRACTOR" shall mean any motor vehicle having motive power designed or used for drawing another motor vehicle while carrying a portion of such other vehicle or its load, or both.

(D)    "PASSENGER CAR" shall mean any motor vehicle used for carrying not more than seven (7) persons.

(E)    "MOTOR BUS" shall mean every motor vehicle designed for carrying more than seven (7) persons and used for the transportation of passengers; and every motor vehicle, auto for hire, or funeral car designed and used for the transportation of persons for compensation.

(F)    "COMMERCIAL CAR" shall mean any motor vehicle having motor power designed and used for carrying merchandise or freight, or used as a commercial tractor.

(G)    "TRAILER" shall mean any vehicle without motive power designed or used for carrying property or persons wholly on its own structure and for being drawn by a motor vehicle, and includes any such vehicle when formed by or operated as a combination of a semi-trailer and a vehicle of the dolly type such as that commonly known as a trailer dolly, except a house trailer.

(H)    "SEMI-TRAILER" shall mean every vehicle designed or used for carrying persons or property with another and separate vehicle, so that in operation a part of its own weight or that of its load, or both, rests upon and is carried by another vehicle.

(I)    "TRUCK" shall mean every motor vehicle, except trailers and semi-trailers, designed and used to carry property, whose gross weight, when added to the load carried or capable of being carried, is in excess of 20,000 pounds.

(J)    "OPERATOR" shall mean any person who drives or is in actual physical control of a motor vehicle.

**Section II.**

It shall be unlawful for any person, partnership, firm or corporation to operate any truck, commercial tractor, trailer or semi-trailer not intending to discharge or load cargo within the village on any of the public streets within the boundaries of the Village of South Lebanon, Ohio, provided that said public streets may be used at all times by motor vehicles of the United States of America carrying the United States' mail.

Said trucks, commercial tractors, trailers or semi-trailers may, however, be operated over Mason-Morrow-Millgrove Road from the western most corporate limit of the Village of South Lebanon, Ohio, to its intersection with State Route 48 (Bypass 48) without discharging or loading cargo in the Village. Nothing in this ordinance shall be construed as attempting to limit or restrict vehicular traffic on the State Routes within the Village.

Section III.

(A)    It shall be unlawful to operate any vehicle of a greater width than eight (8) feet, except traction engines, whose widths shall not exceed eleven (11) FEET.

(B)    Neither this Section nor Section (A) shall apply to the operation of any apparatus by the fire force.  As to all other vehicles and trains of vehicles, it shall be unlawful:

(1)    To operate any vehicle or train of vehicles incapable of being turned upon a radius of forty (40) feet or less.
(2)    To operate any vehicle longer than thirty-five (35) feet.
(3)    To operate any train of vehicles including more than two trailers.
(4)    To operate any train of vehicles longer than sixty (60) feet.

(5)    To operate any train of vehicles consisting of a motor vehicle and a trailer, which train is longer than forty-five (45) feet.

For the purpose of this Ordinance, the length of a train of vehicles shall be taken as its overall length when coupled, and the length of a vehicle or train of vehicles shall be taken as the overall length of such vehicles or train and of any projecting portion of its load.

(C)    It shall be unlawful to operate any vehicle that together with its load exceeds in weight the following:

In vehicles having metal tires three inches or less in width, a load of 500 pounds for each inch of the total width of tire on all wheels. When the tires on such vehicles exceed three inches in width, an additional load of 800 pounds shall be permitted for each inch by which the total width of the tires on all wheels exceeds twelve inches.

In vehicles having tires of rubber or other similar material or substance: for each inch of the total width of tires on all vehicles as follows:

For tires three inches or three and one-half inches in width, a load of 450 pounds; for tires four inches in width, a load of 500 pounds; for tires five inches in width, a load of 600 pounds; and, for tires six inches and over in width, a load of 650 pounds. The total width of tires on all wheels shall be, in case of solid rubber tires or other similar materials or substances, the actual width in inches of all such tires between the flanges at the base of the tire, but in no event shall that portion of the tire coming into contact with the road surface be less than two-thirds the width so measured between the flanges. In the case of pneumatic tires of rubber or other similar materials or substances, the total width of all tires measured at the widest portion thereof when inflated and not bearing load.

In no event shall the load, including the proportionate weight of the vehicle that can be concentrated on any wheel, exceed 650 pounds to each inch in width of the tread as defined above for solid tires; or to each inch in the actual diameter of pneumatic tires measured when inflated and not bearing load.

(D)    No vehicle, trackless trolley, load, object, or structure having maximum axle load greater than 16,000 pounds when such vehicle is equipped with solid rubber tires, or greater than 19,000 pounds when such vehicle is equipped with pneumatic tires, shall be operated or moved upon improved public highways, streets, bridges, or culverts. The maximum wheel load of any one wheel of any such vehicle shall not exceed 650 pounds per inch width of tire, measured as prescribed by Section III (C) of this Ordinance, nor shall any solid tire of rubber or other resilient material, on any wheel of any such vehicle, be less than one inch thick when measured from the top of the flanges of the tire channel.

The weight of vehicle and load imposed upon the road surface by any two successive axles, spaced four feet or less apart, shall not exceed 19,000 pounds for solid tires, nor 24,000 pounds for pneumatic tires; or by any two successive axles, spaced more than four feet but less than eight feet or more apart, shall not exceed 24,000 pounds for solid tires, nor 31,500 pounds for pneumatic tires; or by any two successive axles, spaced eight feet or more apart, shall not exceed 28,000 pounds for solid tires,

nor 38,000 pounds for pneumatic tires; nor shall the total weight of the vehicle and load exceed, for solid rubber tires, 28,000 pounds plus an additional 600 pounds for each foot or fraction thereof of spacing between the front axle and the rear most axle of the vehicle, nor exceed 38,000 pounds plus an additional 800 pounds for each foot or fraction thereof of spacing between the front axle and the rear most axle of the vehicle for pneumatic tires; nor shall the weight of the vehicle and load imposed upon the road surface by any vehicle exceed 28,000 for pneumatic tires; nor shall such weight of vehicle and load exceed, for solid tires, eighty percent (80%) of the permissible weight of vehicle and load as provided for pneumatic tires.

**Section IV.**

Any police or law enforcement officer having reason to believe that the weight of a vehicle and unlawful is authorized to require the operator to stop and submit to a weighting of the same by means of portable or stationary scales, and may require that such vehicle be driven to the nearest public scales. Whenever such officer upon weighing a vehicle and load as above provided determines that the weight of the vehicle is unlawful, such officer shall require the operator to stop the vehicle in a suitable place and remain standing until such portion of the load is removed as may be necessary to reduce the gross weight of such vehicle to said limit in accordance with this Ordinance.

**Section V.**   This ordinance shall apply equally to all trucker's residents and nonresident, through and local.

**Section VI.**    That any person, partnership, firm or corporation violating the provisions of Section II and Section III hereof shall be guilty of a minor misdemeanor and upon conviction shall be fined not more than $100.00 for the first offense, and for the second and subsequent offenses shall be guilty of a fourth degree misdemeanor and fined not more than $250.00 for each and imprisoned for not more than 30 days for each violation or both.

**Section VII.**

Should any section or provision of this Ordinance be declared by the courts to be unconstitutional or invalid, the same shall not effect the validity of the Ordinance as a whole or any part thereof, other than the part so declared to be unconstitutional.

**Section VIII.**

The Village Administrator is authorized and directed to have suitable signs made and posted on the various public streets within the boundaries of the Village of south Lebanon, Ohio, advising operators of motor vehicles of the restrictions and requirements set forth in this Ordinance, as required by law.

Section IX.

All other Ordinances or parts of Ordinances inconsistent or in conflict herewith be, and the same are, repealed.

Section X.    This ordinance being necessary for the health safety and welfare of the inhabitants of the Village of South Lebanon, Ohio specifically in that noise, dirt, fumes, and congestion caused by trucks in excess of 20,000 pounds is excessive and that along the existing truck route there are four 90 degree turns and the above referenced trucks are unable to make right turns at these intersections without crossing the centerline creating a traffic hazard and core borings of asphalt thickness along said truck route have shown that 18 out of 20 borings indicate that the asphalt thickness does not meet industry standards for heavy truck traffic, and continued use of by said trucks would lead to significant damage to street surfaces,    this ordinance is deemed to be  an emergency and shall be effective immediately upon its passage.


_____
ACTING PRESIDENT OF COUNCIL


Attest:

_____
SHARON A. GROSS, Clerk-Treasurer


CERTIFIED COPY
I, Sharon Gross, Clerk-Treasurer of the Village
of South Lebanon, Ohio do hereby certify this to
be a true and accurate copy of a document on file
with my office.

_____          _____
Date                          Sharon Gross
                                 Clerk-Treasurer
                                 Village of South Lebanon
                                 Ohio

JUN-28-01 THU 9:05 AM 2  PLEAS COURTS        FAX NO. 5  5 1303    P. 1

```
                                            ┌─────────────────┐
                                            │     EXHIBIT     │
                                            │ tabbies         │
                                            │       2         │
                                            │  _____    │
                                            └─────────────────┘
```

STATE OF OHIO, WARREN COUNTY
IN THE COURT OF COMMON PLEAS


JIMMY AMBURGY, et al.,                )
                                      )
            Plaintiffs,               )        CASE NO. 01CV58008
                                      )
-vs-                                  )
                                      )        DECISION
VILLAGE OF SOUTH LEBANON, OHIO,       )
                                      )
            Defendant.                )

            _____

This matter came on for trial upon the evidence, the written stipulations, and the written arguments of counsel.

In this segment of the case the Plaintiffs seek to enjoin the Village of South Lebanon from enforcing Ordinance No. 2000-15. Said ordinance bans the operation by any person of trucks having a gross weight in excess of 20,000 pounds (hereinafter referred to as heavy trucks) on any of the public streets within the boundaries of the Village of South Lebanon (see Ordinance Section I(I), Section II). However the ordinance makes an exception for any "vehicle while delivering goods or services to any business or residence within the corporate limits of South Lebanon, Ohio" (Ordinance Section I(A).

The Plaintiffs are persons engaged in the operation of commerical trucks, each having a gross weight in excess of 20,000

WARREN COUNTY
COMMON PLEAS COURT
JUDGE P. DANIEL FEDDERS
JUDGE NEAL B. BRONSON
500 Justice Drive
Lebanon, Ohio 45036

pounds.    In the past they have operated said trucks on the
streets of the village usually travelling from a point of origin
outside the village to a destination outside the village.
Because Ordinance 2000-15 prohibits such so called through
traffic, the Plaintiffs are now forced to use a somewhat
circuitous route around the village. A typical trip for one of
these trucks now involves a distance of approximately 7.2 miles
whereas the direct route through the village, using approximately
1 mile of village streets, is approximately 2.2 miles.

Prior to implementation of Ordinance No. 2000-15 well
over 400 heavy trucks passed through the village on a typical
day, most of them between the hours of 8:00 a.m. and 4:30 p.m.
Virtually all of these trucks used the same route. This route,
approximately 1 mile in length, ran through the center of the
village, an area comprised of a mix of residential and commerical
non-residential uses.    The evidence convincingly shows that the
noise, dirt, fumes, and congestion caused by these trucks was
excessive.    On four of the street intersections along this route,
the trucks must make a 90 degree turn. Due to the size of these
trucks they are unable to make a right turn at the intersections
without crossing the center line of the roadway.    Continued use
of the streets by these heavy trucks would probably lead to
significant damage to the street surfaces,, but the evidence that
any substantial damage has occurred to date is not persuasive.

Given the relatively small size of the Village of South
Lebanon and its semi-residential character with relatively narrow
streets and intersections, it is understandable that the village

WARREN COUNTY
COMMON PLEAS COURT
JUDGE P. DANIEL FEDDERS
JUDGE NEAL B. BRONSON
500 Justice Drive
Lebanon, Ohio 45036

council would take some action to minimize the problems caused by these heavy trucks passing through the heart of the city each day at the approximate rate of one truck every two or three minutes. This resulted in the passage of Ordinance No. 2000-15.

As long ago as 1919, Ohio law recognized that a municipality may by ordinance restrict or ban certain vehicles from using public streets. Froelich v. Cleveland (1919) 17 Ohio Law Rep. 21.   That case laid down the criteria to be used in determining the legality of such an ordinance.   Two features of this criteria that are particularily pertinent to our analysis of Ordinance 2000-15 is the requirement that the ordinance be both reasonable and impartial in operation.

Subsequently in Richter Concrete v. City of Reading (1957) 166 Ohio St. 279, the court addressed and defined the requirement of reasonableness and impartiality.   The ordinance under consideration in that case was very similar to Ordinance No. 2000-15 in that it barred all trucks over 20,000 pounds from using any street in the city, with the exception that such heavy trucks were permitted on city streets for the purpose of loading and unloading at a residence, place of business, or industry within the city, or travelling to or from a residence, place of business, or industry where the vehicle was registered or hired. The Supreme Court held that that ordinance was unconstitutional because it "discriminates between residents and non-residents engaged in the operation of trucks weighing in excess of 20,000 pounds".   The court further explained its decision as follows:

"the ordinance is illegal in that it

WARREN COUNTY
COMMON PLEAS COURT
JUDGE P. DANIEL FEDDERS
JUDGE NEAL G. BRONSON
500 Justice Drive
Lebanon, Ohio 45036

-3-

imposes restrictions and penalties
on those using the streets engaged
in through traffic and imposes no
such regulations upon those using
the streets for other than through
traffic notwithstanding such traffic
imposes the same stress upon the
streets and creates the same hazard
and the court finds said ordinance
of an arbitrary and discriminate
classification".

In other words, a heavy truck or 300 heavy trucks travelling on the village streets to or from a point inside the village creates just as much noise, dirt, fumes, and hazard as does one heavy truck or 300 heavy trucks using the village streets to pass from a point of origin outside the village to a point of destination outside the village. To give perference to one class of trucks over the other, without any other distinction, is arbitrary and unreasonable and therefore violates the Fourteenth Amendment to the United States Constitution.

In Adrain v. Village of St. Paris (1983) 12 Ohio App.3d 71, the Second District Court of Appeals followed and applied the Richter holding to a similar ordinance that banned heavy trucks on certain streets of a municipality, but allowed an exception for trucks housed inside the municipality or making deliveries to or from a location inside the municipality. Again it was held that to differentiate between heavy trucks on said basis was an

WARREN COUNTY
COMMON PLEAS COURT
JUDGE P. DANIEL FEDDERS
JUDGE NEAL B. BRONSON
500 Justice Drive
Lebanon, Ohio 45036

-4-

"unreasonable classification" and was unconstitutional.

We conclude that the holding of <u>Richter</u>. supra applies to Ordinance No. 2000-15 and that we are bound by that holding. It may be possible for the Village of South Lebanon to ban some heavy trucks and not others, but it cannot do so on the basis of whether the trucker is passing through the village as opposed to making a delivery within the village.

The Village of South Lebanon has called our attention to the cases of <u>Cincinnati Motor Transportation</u> v. <u>City of Lincoln Heights</u> (1971) 25 Ohio St. 2d 203; <u>City of Niles</u> v. <u>Dean</u> (1971) 25 Ohio St. 2d 284; and <u>Lordstown</u> v. <u>Eutsy</u> (1990) Lexus 5228. In each of these cases the ordinance in question was approved. However, the Defendant's reliance on these cases is misplaced.

In <u>Cincinnati Motor Transport</u>, supra, the court did not address the issue of resident/non-resident trucker, leaving one to presume that the ordinance in question did not contain the defective classifications.

In <u>Niles</u>, supra, the court reiterated the requirement that an ordinance cannot discriminate between classes of heavy trucks. The court expressly stated that the ordinance in question "subjects both local and non-resident truckers to the same regulations".

In <u>Lordstown</u>, supra, the ordinance in question, unlike Ordinance 2000-15, applied the ban to all heavy trucks without any exceptions whatsoever. The ban applied "equally to residents and non-residents of the village".

WARREN COUNTY
COMMON PLEAS COURT
JUDGE P. DANIEL FEDDERS
JUDGE NEAL B. BRONSON
500 Justice Drive
Lebanon, Ohio 45036

-5-

For the foregoing reasons the Court finds that the Plaintiffs' application for a permanent injunction is well taken and it will be granted. Counsel for Plaintiffs shall prepare the appropriate judgment entry.


P. DANIEL FEDDERS, JUDGE
COMMON PLEAS COURT

cc: C. Francis Barrett, Esq.
    John C. Quinn, Esq.
    Shawn M. Blatt, Esq.

WARREN COUNTY
COMMON PLEAS COURT
JUDGE P. DANIEL FEDDERS
JUDGE NEAL B. BRONSON
500 Justice Drive
Lebanon, Ohio 45036