


## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION (at Cincinnati)

| | | |
|---|---|---|
| CARL OEDER & SONS SAND & GRAVEL CO., et al. | : | CASE NO. C-1-01-823 |
| | : | Judge Susan J. Dlott |
| Plaintiffs | | |
| | : | |
| vs. | | |
| | : | |
| VILLAGE OF SOUTH LEBANON, OHIO, et al. | | **ANSWER OF DEFENDANTS, VILLAGE OF SOUTH LEBANON, JAMES SMITH, MAYOR, AND JOHN LOUALLEN, TO AMENDED COMPLAINT** |
| | : | |
| Defendants | : | |

Defendants, Village of South Lebanon, James Smith, Mayor of Village of South Lebanon, John Louallen, Village Administrator, and John Louallen, Individually, for their answer to Plaintiffs' Amended Complaint, state as follows:

### FIRST DEFENSE

1. These defendants admit the allegations contained in paragraph 1 of Plaintiffs' Amended Complaint.

2. These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 2, 3 and 4 of Plaintiffs' Amended Complaint.

3. These defendants admit the allegations contained in paragraph 5 of Plaintiffs' Amended Complaint.

4. In response to the allegations contained in paragraph 6 of Plaintiffs' Amended Complaint, these defendants admit that Defendant James Smith is the Mayor of the Village of South Lebanon.

5. These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of Plaintiffs' Amended Complaint.

6. In response to the allegations contained in paragraph 8 of Plaintiffs' Amended Complaint, these defendants admit that John Louallen is the Village Administrator for the Village of South Lebanon, Warren County, Ohio. These defendants are without knowledge or information sufficient to form a belief as to any and all remaining allegations contained in that paragraph.

7. These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of Plaintiffs' Amended Complaint.

8. These defendants admit the allegations contained in paragraph 10 of Plaintiffs' Amended Complaint.

9. These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 11, 12, 13, 14, 15 and 16 of Plaintiffs' Amended Complaint.

10. In response to the allegations contained in paragraph 17 of Plaintiffs' Amended Complaint, these defendants admit that an ordinance captioned 2001-12 for the Village of South Lebanon is in existence. These defendants further admit that portions of the ordinance are quoted in that paragraph. These defendants deny any and all other allegations contained in that paragraph.

11. These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 18 and 19 of Plaintiffs' Amended Complaint.

12. These defendants deny the allegations contained in paragraphs 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31 of Plaintiffs' Amended Complaint.

13. These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of Plaintiffs' Amended Complaint.

14. In response to the allegations contained in paragraph 33 of Plaintiffs' Amended Complaint, these defendants admit that a previous ordinance, No. 2000-15, was in existence and that such ordinance was held to be unconstitutional by a decision of the Warren County Common Pleas Court. These defendants are without knowledge or information sufficient to form a belief as to any and all remaining allegations contained in that paragraph.

15. In response to the allegations contained in paragraph 34 of Plaintiffs' Amended Complaint, these defendants deny that Ordinance No. 2000-15 was in any way unconstitutional or contained any infirmities. These defendants further deny any and all remaining allegations contained in that paragraph.

16. These defendants deny the allegations contained in paragraphs 35, 36, 37 and 38 of Plaintiffs' Amended Complaint.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

17. In response to the incorporated allegations contained in paragraph 39 of Plaintiffs' Amended Complaint, these defendants incorporate their previous answers and responses to incorporated paragraphs 1 through 38 as if fully set forth herein.

18. These defendants deny the allegations contained in paragraphs 40, 41 and 42 of Plaintiffs' Amended Complaint.

19. In response to the incorporated allegations contained in paragraph 43 of Plaintiffs' Amended Complaint, these defendants incorporate their previous answers and responses to incorporated paragraphs 1 through 42 as if fully set forth herein.

20. These defendants deny the allegations contained in paragraphs 44, 45 and 46 of Plaintiffs' Amended Complaint.

21. In response to the incorporated allegations contained in paragraph 47 of Plaintiffs' Amended Complaint, these defendants incorporate their previous answers and responses to incorporated paragraphs 1 through 46 as if fully set forth herein.

22. These defendants deny the allegations contained in paragraphs 48 and 49 of Plaintiffs' Amended Complaint.

23. In response to the incorporated allegations contained in paragraph 50 of Plaintiffs' Amended Complaint, these defendants incorporate their previous answers and responses to incorporated paragraphs 1 through 49 as if fully set forth herein.

24. These defendants deny the allegations contained in paragraph 51 of Plaintiffs' Amended Complaint.

25. In response to the incorporated allegations contained in paragraph 52 of Plaintiffs' Amended Complaint, these defendants incorporate their previous answers and responses to incorporated paragraphs 1 through 51 as if fully set forth herein.

26. These defendants deny the allegations contained in paragraphs 53 and 54 of Plaintiffs' Amended Complaint.

27. In response to the incorporated allegations contained in paragraph 55 of Plaintiffs' Amended Complaint, these defendants incorporate their previous answers and responses to incorporated paragraphs 1 through 54 as if fully set forth herein.

28. These defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 56 of Plaintiffs' Amended Complaint.

29. These defendants deny the allegations contained in paragraphs 57 and 58 of Plaintiffs' Amended Complaint.

**FREUND, FREEZE & ARNOLD**
A Legal Professional Association

30. In response to the incorporated allegations contained in paragraph 59 of Plaintiffs' Amended Complaint, these defendants incorporate their previous answers and responses to incorporated paragraphs 1 through 58 as if fully set forth herein.

31. In response to the allegations contained in paragraph 60 of Plaintiffs' Amended Complaint, these defendants state that Section II of the Ordinance speaks for itself, and any misstatement or mischaracterization of that Ordinance is denied. These defendants admit that the Ordinance does not apply to persons delivering or discharging cargo and intending to service within the boundaries of the Village of South Lebanon, Ohio. These defendants are without knowledge or information sufficient to form a belief as to any and all remaining allegations contained in that paragraph.

32. These defendants deny the allegations contained in paragraphs 61, 62, 63 and 64 of Plaintiffs' Amended Complaint.

33. In response to the incorporated allegations contained in paragraph 65 of Plaintiffs' Amended Complaint, these defendants incorporate their previous answers and responses to incorporated paragraphs 1 through 64 as if fully set forth herein.

34. These defendants deny the allegations contained in paragraphs 66, 67, 68, 69, 70, 71 and 72 of Plaintiffs' Amended Complaint.

35. In response to the incorporated allegations contained in paragraph 73 of Plaintiffs' Amended Complaint, these defendants incorporate their previous answers and responses to incorporated paragraphs 1 through 72 as if fully set forth herein.

36. These defendants deny the allegations contained in paragraphs 74 and 75 of Plaintiffs' Amended Complaint.

37. In response to the incorporated allegations contained in paragraph 76 of Plaintiffs' Amended Complaint, these defendants incorporate their previous answers and responses to incorporated paragraphs 1 through 75 as if fully set forth herein.

38. These defendants deny the allegations contained in paragraphs 77 and 78 of Plaintiffs' Amended Complaint.

39. These defendants deny all additional allegations contained in Plaintiffs' request for judgment.

## SECOND DEFENSE

40. Plaintiffs' have failed to state a claim upon which relief may be granted.

### THIRD DEFENSE

41. These defendants are equitably immune from liability in the exercise of their legislative function.

### FOURTH DEFENSE

42. These defendants are immune from liability pursuant to Ohio Revised Code § 2744, *et seq*.

### FIFTH DEFENSE

43. These defendants are immune from liability for the exercise of any executive functions and the enforcement of properly enacted legislation.

### SIXTH DEFENSE

44. The plaintiffs have failed to mitigate their damages, if any.

### SEVENTH DEFENSE

45. Some or all of the plaintiffs herein lack standing to assert these claims.

### EIGHTH DEFENSE

46. Plaintiffs have failed to join necessary parties to this action pursuant to Rules 19 and 19.1.

### NINTH DEFENSE

47. The plaintiffs' claims are barred by the doctrine of equitable estoppel.

### TENTH DEFENSE

48. Plaintiffs have failed to comply with all statutory requirements for asserting a claim for declaratory relief and challenging the unconstitutionality of a law, statute or ordinance, including, but not limited to, those requirements set forth in R.C. 2721.12.

### ELEVENTH DEFENSE

49. These defendants are qualifiedly immune from all liability.

### TWELFTH DEFENSE

50. These defendants are entitled to legislative immunity under both state and federal law.

### THIRTEENTH DEFENSE

51. There has been a failure to exhaust any and all administrative remedies.

### FOURTEENTH DEFENSE

52. These defendants are immune for the performance of any and all administrative functions.

### FIFTEENTH DEFENSE

53. Plaintiffs have failed to comply with any and all conditions precedent contained in any Federal statute, including, but not limited to, that of the Commerce Clause, Section 1988, and other sections.

WHEREFORE, these Defendants pray Plaintiffs' Amended Complaint be dismissed at Plaintiffs' cost.

_____
Shawn M. Blatt (#0056051)
FREUND, FREEZE & ARNOLD
One Dayton Centre
1 South Main Street, Suite 1800
Dayton, Ohio 45402-2017
(937) 222-2424

John C. Quinn (#0023636)
301 East Silver Street
P.O. Box 5
Lebanon, Ohio 45036
(513) 932-4931

Attorneys for Defendants
Village of South Lebanon, James Smith, Mayor, and
John Louallen, Administrator and Individually

## JURY DEMAND

Defendants, Village of South Lebanon, Ohio, James Smith, Mayor, and John Louallen, Administrator and Individually, demand trial by jury as to all issues herein.

_____
Shawn M. Blatt (#0056051)
FREUND, FREEZE & ARNOLD
Attorney for Defendants
Village of South Lebanon, James Smith, Mayor, and
John Louallen, Administrator and Individually

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was served upon Jack J. Brady, Brian P. Barger, and Patricia J. Kleeberger, BRADY, COYLE & SCHMIDT, LLP, 4052 Holland-Sylvania Road, Toledo, Ohio 43624, and Daniel Donnellon and Thomas M. Tepe, Jr., KEATING, MUETHING & KLEKAMP, PLL, 1400 Provident Tower, One East Fourth Street, Cincinnati, Ohio 45202, Attorneys for Plaintiffs, by regular U.S. mail, this __3__ day of June, 2002.

_____
Shawn M. Blatt